## WILLIAM H. WACHTER

*v.*

## HARRIET ALBEE, Admx.

1. STATUTE OF LIMITATIONS — *subsequent admission — new promise.* Where the Statute of Limitations has run and become a bar to an action for the recovery of a debt, a subsequent admission by the defendant that the account was correct, or that he had received the goods or money, or had executed the note sued on, is not sufficient to obviate the bar.

2. Nothing short of an express promise to pay the money, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay, will obviate the bar of the Statute of Limitations.

3. A promise made to a stranger will not take a case out of the operation of the Statute of Limitations. In order to give it legal force and effect, it must be made to the party to be benefited, or to some one authorized to act in his behalf.

4. Where a party has permitted a debt to run, without any effort to collect it, until the Statute of Limitations can be pleaded in bar of the action, a court will not aid him on slight proof; on the contrary, the evidence should be clear and satisfactory to overcome the bar of the statute.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

| 80 | 47 |
|---|---|
| 25a | 632 |
| 80 | 47 |
| 31a | 348 |
| 80 | 47 |
| 36a | 524 |
| 80 | 47 |
| 137 | 409 |
| 39a | 644 |
| 80 | 47 |
| 47a | 28 |
| 80 | 47 |
| 61a | 333 |
| 80 | 47 |
| 71a | 316 |
| 80 | 47 |
| 96a | 1586 |
| 98a | 4613 |
| 80 | 47 |
| d196 | 1602 |

Mr. EMERY A. STORRS, for the appellant.

Mr. GEO. GARDNER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by William H. Wachter against the administratrix of the estate of Cyrus P. Albee, deceased, on the fourth day of March, 1874, to recover the sum of $2000, claimed to have been loaned Albee in his lifetime by appellant. To the declaration the appellee pleaded the general issue and the Statute of Limitations.

A jury was, by agreement, waived, and a trial had before the court, which resulted in a judgment against the plaintiff for costs, to reverse which this appeal has been brought.

The only question involved in the case is, whether the evidence introduced on the trial by appellant is sufficient to obviate the bar to the action provided by the Statute of Limitations.

It is clear, from the evidence, that in the year 1865 the deceased received of appellant $2000 ; whether, however, the money was received as a loan, or what the purpose of the transaction was, does not appear.

It is apparent the remedy for the collection of the debt is gone unless the declarations or admissions of the deceased, made in 1869 and 1870, amount to a new promise. The circuit court held, that the admissions proven did not create a new promise, and this is the controverted question in the case.

It was held in *Keener* v. *Crull*, 19 Ill. 189, that a new promise may arise out of such facts as identify the debt, the subject of the promise, with such certainty as will clearly determine its character, fix the amount due, and show a present unqualified willingness and intention to pay it, at the time acted upon and acceded to by the creditor.

In the case of *Ayers* v. *Richards*, 12 Ill. 147, it was held not to be sufficient that the debtor admitted the correctness

of the account, or that he had received the goods or the money, or had executed the note sued on, but he must have gone further, and admitted that the debt was still due and had never been paid—that the bare admission of the correctness of the account was no more a satisfactory answer to the statute than would be the testimony of a witness proving the same fact. And in the late case of *Carroll* v. *Forsyth*, 69 Ill. 127, it was held, an express promise to pay the money must be proved or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay.

Tested by the rules announced in these authorities, which may be regarded as the settled law of this court, was the evidence sufficient to remove the bar of the statute and allow a recovery ?

Appellant relies upon the testimony of two witnesses. The first one, a Mr. Russell, testified that he had a conversation, in 1869, with Albee about the $2000. He said: "I told Albee that Wachter claimed that he had that $2000 yet, and that he had not paid it to him. Albee said that he had not paid it to him. He said he had it, and that Jim Lull told him that Wachter was cheating him in his book accounts, and that he was keeping the $2000 to keep even with him—that he calculated to allow him the $2000 when he made a settlement." The witness had a conversation with the deceased as late as 1870, in which it was admitted he had received the $2000, but that he was holding it for a final settlement between him and appellant.

The other witness, a Mr. Houghtaling, in substance testified, that in 1869 Albee stated to him that he would fix the $2000 after a while, and in the spring of 1870, on Cottage Grove Avenue, he stated that he would fix the matter up before long.

This is the evidence upon which appellant relies, but it can not, with any show of reason, be claimed that any express

promise to pay the money was proven, nor will the evidence warrant a presumption of a promise to pay.

The testimony of the first witness, when carefully examined, amounts merely to this: an admission on the part of Albee that he had received the $2000, and had not paid it. This, however, is not sufficient. There was no promise to pay the money, which is required to avoid the statute, neither can a promise be inferred from what was said; but, on the contrary, it is plain Albee did not intend to pay the money or agree to pay it. He had heard, as he said, that appellant had been cheating him in his book account, and this money he was going to keep to get even with him.

This language does not show a present unqualified willingness and intention to pay, as was declared necessary in the case of *Keener* v. *Crull, supra,* nor can a promise be inferred from it to pay the debt, as was held to be necessary in *Ayers* v. *Richards, supra.*

In regard to the evidence of the other witness, by whom it is claimed a promise to pay the debt was proven, it does not appear that he was the agent of appellant, or had any authority to collect the debt, or act in any manner whatever in the matter. A promise made to a stranger will not do. In order to give it legal force and effect, it must be made to the party to be benefited, or some one authorized to act in his behalf. *Keener* v. *Crull, supra; Norton* v. *Colby,* 52 Ill. 198. Independent, however, of this point, if the witness had been the authorized agent of appellant to collect the debt, his version of the admission made by Albee would not authorize a recovery.

The language used by Albee, that he would fix the matter up after a while, or before long, can not be held to mean a promise to pay the debt. How he was going to fix it up does not appear. If we were at liberty to indulge in presumptions, we might, with as much propriety, presume that he intended to fix it up by offsetting some of his supposed claims against appellant, as in any other manner.

When, however, a party permits a debt to run. making no effort to collect it until the Statute of Limitations can be pleaded in bar of the action, he is in no position to call upon a court to aid him upon slight proof; on the contrary, the evidence ought to be clear and satisfactory to overcome the bar of the statute.

In our opinion, the evidence of appellant was not sufficient to authorize a recovery in his favor. The judgment will therefore be affirmed.

*Judgment affirmed.*