RICHARD H. TEESSEN

v.

ELIZABETH CAMBLIN.

</div>

1. STATUTE OF LIMITATIONS—NEW PROMISE.—To take a case out of the Statute of Limitations, by new promise, the promise must be made to the party seeking its benefit, or to some one authorized to act for him. A promise to a stranger is insufficient to establish a promise to the plaintiff or the party whom he represents. Evidence (if properly admitted, which the court does not concede) of a decree of divorce, wherein it is recited that the

complainant had stipulated in open court, and it was so decreed, that she would pay a certain debt due to K., does not constitute a new promise as to K. He was no party to the record, and from anything that appears to the contrary, was wholly unacquainted with the proceedings in the divorce case.

2. CONDITIONAL PROMISE WILL NOT REVIVE A DEBT.—Notwithstanding a party may promise to pay a debt barred by the statute, still, if the promise is a conditional one; or the person promising it at the same time protests against the payment, or that he has a set-off which ought to be deducted, it is insufficient to take the case out of the statute. The promise should be considered in connection with the refusal to pay, as well as the claim of set-off, and the whole admission taken together.

3. PROOF OF PREVIOUS CONSIDERATION.—To sustain an action upon a new promise founded on a debt barred by the Statute of Limitations, the previous consideration must be proved.

APPEAL from the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRANE, Judge, presiding.

Mr. S. D. PUTERBAUGH, for appellant; that the defendant's husband was incompetent to testify, it not appearing that in the matter in question he was acting as her agent; cited Trepp v. Baker, 78 Ill. 146; Reeves v. Herr, 59 Ill. 81.

Upon the right of a third party to bring an action upon a promise made to another for his benefit: Hind v. Holdship, 2 Watts, 104; Arnold v. Lyman, 17 Mass. 400; Hall v. Morton, 17 Mass. 575; Hinkley v. Fowler, 15 Me. 285; Carnegie v. Morrison, 2 Met. 381; Bristow v. Lane, 21 Ill. 194; Eddy v. Roberts, 17 Ill. 505; Brown v. Strait, 17 Ill. 88; Del. etc. Canal Co. v. Winchester Co. Bank, 4 Denio, 97; Farron v. Turner, 2 A. K. Marsh. 496.

That instructions must be based on the evidence: Goodwin v. Durham, 56 Ill. 239; Holden v. Hulburd, 61 Ill. 280; Paulin v. Howser, 63 Ill. 312.

Instructions must conform to the pleadings as well as the facts: Keightlinger v. Egan, 65 Ill. 235; Diversey v. Kellogg, 44 Ill. 114; Seckel v. Scott, 56 Ill. 106.

Mr. I. E. LAMBERT, for appellee; as to the competency of defendant's husband to testify as the agent of the defendant, cited Rev. Stat. 1874, 489.

SIBLEY, J.   Uhtje Krefting brought his action in the Peoria
Circuit Court against Elizabeth Camblin and Frederick Koo-
zier, to recover for labor and materials furnished in the con-
struction of a house upon Mrs. Camblin's land, about 1865;
afterward the death of Krefting was suggested, and Richard
Teessen, as administrator, substituted as plaintiff in place of
the deceased, and the suit was dismissed as to the defendant
Koozier.   Mrs. Camblin filed plea of *non-assumpsit*, Statute
of Limitations and notice of set-off.   The notice of set-off was
subsequently withdrawn and the cause proceeded to trial by a
jury, upon issues formed upon these pleas, when a verdict was
rendered for the defendant.   Teessen appealed to this court,
and assigns for error that the court below admitted improper
testimony to go to the jury; gave improper instructions for
the defendant, and refused to set aside the verdict and grant a
new trial.   The real question in the case was, whether there
had been a new promise on the part of the appellee, sufficient
to take the case out of the Statute of Limitations (it being
conceded that the original cause of action accrued more than
five years previous to the commencement of the suit.)   The
first evidence offered on the part of the plaintiff, on the trial
in the Circuit Court, was a decree rendered by the Tazewell
Circuit Court, March 1871, in a suit of divorce by Elizabeth
Koozier (now Camblin), complainant, against Frederick Koo-
zier, defendant, dissolving the bands of matrimony existing
between them; also awarding to the complainant the possession
of the lands and some personal property which she formerly
owned, and after reciting that the complainant had "so stipu-
lated in open court decreed, that she should pay to Grafton
(who it seems was the same as Krefting) the amount due them
upon the building of a house on said land."   The decree was
admitted against the defendant's objection.   This evidence, if
properly admitted (which we do not concede) failed entirely to
establish a new promise on the part of appellee to pay Uhtje
Krefting a debt barred by the Statute of Limitations, Krefting
being a stranger to the record, and from anything that appears
to the contrary, wholly unacquainted with the proceedings in
that case.   It was no promise to him, nor to any one acting on

his behalf. This was necessary to prevent the bar of the statute. The court says in Keener v. Crull and wife, 19 Ill. 189, "the promise must be made to the party seeking its benefit, or to some one authorized to act for them. A promise to a stranger is insufficient to establish a promise to the plaintiff or the party whom he represents: Kyle v. Wells, 17 Pa. St. 12, 286; Braidsford v. James, 3 Strob. 12, 171; Martin v. Brooch, 6 Ga. 12, 21.

This doctrine is recognized and approved in Norton v. Colby, 52 Ill. 198, and again in Carroll et al. v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47; McGrew et al., ex'rs. v. Forsyth, 80 Ill. 596.

The authorities referred to by the counsel for appellant on this branch of the case are not in point. They were suits brought upon original undertakings by a third party to pay for the benefit of the creditor the debt of the debtor, while the promise in the decree read in evidence, if a promise at all, was made by the appellee to the party of record in that case to extinguish a liability then existing between her and a stranger to it.

The other evidence in the case to establish a new promise is contained in the testimony of the witness Daniel R. Sheen (who was afterward employed as attorney in the case), and Richard Teessen, the appellant, who, in April, 1877, called on appellee for the purpose of collecting this bill. The former says the items of the bill were read over to her, and that she at first refused to pay it because she had no money; we then offered to give her time if she would give her note; she said that she could not write, and would not give her note to anybody, etc., etc.; she said that I might sue if I wanted to; that I could not scare her, and "if you sue the bill I will put in a bill for boarding his men." On his cross-examination he testified that she promised to pay the bill as soon as she could. The other witness testified to the conversation substantially as related by Sheen.

Leaving out of view the testimony of Mrs. Camblin, who swears positively that she never saw the bill, and never promised to pay it, is the evidence then, when taken altogether,

sufficient to establish an absolute and unconditional promise
such as the law requires to take a case out of the statute? We
think not. Notwithstanding a party may promise to pay a
debt barred by the statute, still, if the promise is a conditional
one, or the person promising it at the same time protesting
against the payment of it, or that he has a set-off which ought
to be deducted, such a promise is insufficient to take the case
out of the statute. The promise to pay should be considered
in connection with the refusal to pay, as well as the claim of
set-off, and the whole admission taken together. It was said
in Kimnel v. Schwartz, Breeze, 281, that the promise to pay
must be absolute and unqualified, and is not to be extended by
implication or presumption beyond the express words of the
promise. See also Bell v. Morrison, 1 Pet, 360. In Read v.
Wilkinson, 2 Wash. C. C. R. 517, the court remark: "But
anything added going to negative a promise or acknowledg-
ment must be considered as qualifying every other expression,
and as the whole must be taken together, it amounts to a
refusal to pay which can never be construed into a promise to
pay." Besides, Angell, in his work on Limitations, 236,
remarks, on good authority, that a promise to pay a debt, barred
by the statute, when the promisor can or is able, is a conditional
promise, and can not be enforced without proof of the means
or ability to pay. This record is destitute of any such proof.
Then does the evidence in this case, when considered in the
light of the authorities, amount to an absolute and uncondi-
tional promise, such as is necessary to sustain the action?
Clearly not, and the jury properly found for the defendant.
They may, and doubtless did, conclude that whatever promise
was made was casual, and wrung from an illiterate woman, in
unguarded moments by two shrewd persons, one of them an
attorney who did the principal part of talking. The error
assigned respecting the admission of the testimony of Frederick
Koozier (if an error at all, which may well be questioned,
since he, although the husband of the appellee, when the
indebtedness accrued, had at the time of the trial no interest
whatever in the result of the suit), we do not deem it material
to the merits of the case. The only portion of his testimony

that was against the appellant related to the set-off, and inasmuch as that was out of the case, it worked no injury to him. The first instruction given by the court for the defendant, as we have shown, stated the law correctly, and the same may be said of the second.

That a previous consideration must be proven to sustain an action upon a new promise founded on a debt barred by the Statute of Limitations is so well settled as to render the citation of authorities in support of it quite needless. The fourth instruction given for the defendant was concerning a matter not before the jury, and hence irregular. But, as the jury could not well come to any other conclusion than the one arrived at, the instruction was harmless, therefore being satisfied with the verdict, the judgment of the Circuit Court is affirmed.