Francis L. Cagwin

v.

E. Ball & Co.

</div>

1. Statute of limitations—Money received by collecting agent.—Where a party receives notes for collection, and collects the amount due thereon, it is his duty to pay over as soon as the amount due upon any one note is collected, and his principal can have an action therefor, as to the

money received, against him on his refusal to pay it over, and the Statute of Limitations begins to run from the time the money was received.

2. COLLECTIONS NOT A TRUST FUND.—The sums so collected do not constitute such a trust as will save the bar of the statute. To exempt a trust from the bar of the statute, it must be, *first*, a direct trust; and *second*, it must be of a kind belonging exclusively to the jurisdiction of a court of equity; and *third*, the question must arise between the trustee and the *cestui qui trust*.

3. NEW PROMISE.—A promise to pay what is due, if anything, at the same time insisting that nothing is due, is not sufficient to take the case out of the statute.

APPEAL from the County Court of Will county; the Hon. BENJAMIN OLIN, Judge, presiding.

Mr. GEO. S. HOUSE, for appellant; that the statute begins to run whenever the plaintiff could bring suit, cited Shelburne v. Robinson, 3 Gilm. 599; 3 Parsons on Con. 90.

A new promise must be of such a character as to clearly show a recognition of the debt, and an intention to pay it: Wachter v. Albee, 80 Ill. 47; Carroll v. Forsyth, 69 Ill. 127.

As to the exemption of a trust: Hayward v. Gum, 82 Ill. 389; The Governor v. Woodworth, 63 Ill. 258.

Fraud may be replied to the Statute of Limitations, but such fraud must be specially pleaded: Campbell v. Vining, 23 Ill. 525.

Mr. EGBERT PHELPS, for appellees; that a trust was established, and no right of action could accrue until appellant assumed a position hostile to the trust, cited Ogden v. Larabee, 57 Ill. 389; Schroeder v. Johns. 27 Cal. 274; 3 Parsons on Con. 93; Lyle v. Murray, 5 Sandf. 590; White v. Leavitt, 20 Tex. 703.

The statute does not begin to run as to an agent or attorney, for moneys collected by him, until a demand and refusal: Taylor v. Spears, 8 Ark. 429; Gardner v. Payton, 5 Cranch, 560; Judah v. Dyott, 3 Blackf. 324; Hyman v. Gray, 4 Jones, 415; Lever v. Lever, 1 Hill, 62; Merle v. Andrews, 4 Tex. 200; Roberts v. Armstrong, 1 Bush, 263; Sneed v. Hanley, 1 Hempst. 659; Blount v. Robson, 3 Jones, 73.

PILLSBURY, J. Action for money had and received, commenced February, 1874. Appellant being a private banker

and collecting agent, received from appellees certain notes for collection, in 1870. These notes were collected in 1872, except one, which was put in judgment and not yet paid.

The agent of appellees testifies that appellant told him, in 1872, that he had collected all the notes, except one for $9, and the one in judgment; that from time to time he wrote appellant but could get no reply.

Stevens, for appellees, states that he called upon Cagwin about two years ago with the claim. That Cagwin told him the money had been collected, but thought it had been all closed up. There might be $60 or $70 still due from him on account of it; if there was anything due he was willing to pay it, but he did not know that anything was due; never admitted any definite amount to be due; never promised to pay any definite amount.

The court found the issues upon the Statutes of Limitations, and upon the replication of a new promise in favor of plaintiff below, and rendered judgment for $274.

It is claimed, in support of this finding, that the judgment on one of the notes before the justice not having been paid, the plaintiff could not sue until all was collected, and hence the statute is not a bar.

This argument proves too much, for if plaintiff could not sue for any until all was collected, no cause of action has yet accrued, as the appellant has never been able to collect the judgment.

As fast as appellant collected the amount due upon any one of the notes, he should have paid it over at once, and if he neglected or refused so to do, appellees could have maintained an action for it.

The statute commences to run from the time the cause of action accrues, which in this case was when the money was received by appellant, as there is no replication to the plea that he fraudulently concealed the cause of action, and no proof in the record to sustain such, if pleaded. The point made that the sums thus collected were trust funds, and therefore not within the statute, cannot be sustained under the authority of Hayward v. Green, 82 Ill. 389, where it is said: "To exempt

a trust from the bar of the statute it must be, *first*, a direct trust; *second*, it must be of the kind belonging exclusively to the jurisdiction of a court of equity; and *third*, the question must arise between the trustee and the *cestui que trust.*"

There is no such trust here.

The evidence of a new promise is wholly insufficient to take the case out of the statute.

A promise to pay what is due, if anything, at the same time insisting there is nothing due, has never been held sufficient.

Such admissions are too uncertain and indeterminate to be acted upon: Carroll v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47.

We are of the opinion that the bar of the statute is complete. The judgment must be reversed and cause remanded.

<div align="right">Judgment reversed.</div>