# William Bloomfield, Ex'r, etc.,

v.

# John L. Bloomfield.

1. Statute of limitations.—This was an action begun in 1878, for money loaned and goods sold in 1861, and money borrowed in 1867. The claim was barred by the Statute of Limitations, and the court is of opinion the evidence fails to show a promise sufficient to remove the statutory bar.

2. Acknowledgment of debt.—An acknowledgment of indebtedness made to a third person is not sufficient to take the case out of the Statute of Limitations.

3. New promise.—A mere statement by the debtor that he wanted to settle, coupled with a request to know the amount of his indebtedness, without an adjustment and settlement of the account, comes far short of such a promise or acknowledgment as will take the case out of the bar of the statute.

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding. Opinion filed December 4, 1880.

Mr. P. H. Sanford and Mr. L. Douglass, for appellant; that a receipt is evidence of the highest character, and the testimony to rebut it should be clear and convincing, cited Walrath v. Norton, 5 Gilm. 437; Winchester v. Grosvener, 44 Ill. 425; Marston v. Wilcox, 1 Scam. 270.

To take a case out of the Statute of Limitations there must be an express promise to pay, or an unqualified admission that the debt is due: Keener v. Crull, 19 Ill. 189; Carrol v. Forsythe, 69 Ill. 127; Ayers v. Richards, 12 Ill. 146; Wachter v. Albee, 80 Ill. 47.

An acknowledgment made to a third person will not remove the bar of the statute: McGrew v. Forsythe, 80 Ill. 596.

Mr. F. S. Murphy, for appe'lee.

LACEY, P. J.   Judgment in this case was rendered in the court below for the sum of $172, in favor of appellee.

It appears that appellee was one of the sons of the deceased, Isaac Bloomfield.   The claim of appellee was for money loaned and for goods sold in 1861, and for borrowed money in 1867.

This account was filed against appellant in the County Court of Knox county, April 29, 1878; the cause was heard by the county court, and the claim disallowed, and an appeal taken to the circuit court.

In November, 1879, this judgment was rendered, the jury finding a verdict for three hundred dollars, when appellee remitted down to the amount of the judgment.

This claim was barred by the Statute of Limitations unless the appellee made out, by proof, a subsequent promise to pay the claim, within the Statute of Limitations.   This we do not think he has done.   There was some evidence going to show that the deceased, some time in the year 1877, had acknowledged to various parties that he owed appellee, and that he intended to pay him, and sometimes amounts, or proximate amounts, were stated; but these parties were not the agents of appellee to collect or demand the claim, and had no authority to receive any promise.   Any such acknowledgment of indebtedness made to third parties would not be sufficient to take the case out of the Statute of Limitations.   McGrew et al. Ex'r, etc. v. Forsythe, 80 Ill. 596.

The only other evidence tending to show a subsequent promise, in which appellee may claim that the case was taken out of the Statute of Limitations, was at the latter's house, in the fall and winter of 1867.   The only witnesses present were William, appellee, and his two sons, Marion and Edward.   The testimony of these witnesses differ, but taking the strongest, that of appellee himself, we think it is not sufficient.   The testimony of appellee is, that deceased said to him at his house, in 1877: "I came down to settle.   I want to pay you off, so there shan't nothing come against the estate after my death;" and asked what the claim was.   The appellee, according to his testimony, told him it was for borrowed money, $200; $100 at two separate times in 1867.   His father proceeded to deny

one of them, and while appellee was trying to refresh his memory, the latter and his brother William got into an altercation, and his father left. They came to no settlement. This falls far short of the evidence necessary to take the case out of the statute. What, if anything, was owing by deceased to appellee, was an undetermined amount. The claim, whatever it was, had to be adjusted and settled. It was not even an unequivocal acknowledgment that deceased owed him anything. The only item they discussed was disputed. Here is no unqualified admission that any debt was due. Wachter v. Albee, Adm'x, etc. 80 Ill. 47.

For these reasons, the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.