SUSAN J. PARKER *vs.* DANIEL H. REMINGTON, Administrator.

The acknowledgment of a debt, when the acknowledgment is made to a stranger and not meant to be communicated to the creditor, will not remove the bar of the statute of limitations.

DEFENDANT'S petition for a new trial.

*April* 3, 1886.   PER CURIAM.   This is an action of *assumpsit*

for compensation for services rendered by the plaintiff to the defendant's intestate. The services were rendered during a period of more than twenty years, extending down to a short time previous to the death of the intestate. The defence was the general issue and also the statute of limitations, to which the plaintiff set up in reply a new promise. The jury returned a verdict for the plaintiff for two thousand dollars. The damages were clearly excessive, unless there was evidence of a new promise to lift the bar of the statute; for there was no testimony to show that the services were worth more than three dollars per week. The only testimony of a new promise was given by Esek King, a nurse, who took care of the intestate during his last illness. He testified that the deceased told him that he wanted the plaintiff to be well paid for her work. This remark is very general, but perhaps might warrant the finding of a new promise if it had been addressed to the plaintiff herself, or to any person who represented her. It was addressed to a mere stranger. The older cases, both English and American, hold that an acknowledgment of a debt to a stranger is as effectual to remove the bar of the statute as one made to the creditor; but the later cases, both English and American, strongly maintain that an acknowledgment to a mere stranger is ineffectual to remove the bar, unless it was intended to be communicated to the creditor, the reason being that otherwise no privity is established between the parties in respect to the new promise. Wood on Limitations, § 79, p. 193, note ; 1 Smith Lead. Cas. *726, *Bloomfield* v. *Bloomfield*, 7 Ill. App. 261 ; *Parker* v. *Schuford*, 76 N. C. 219 ; *Backman* v. *Roller*, 9 Baxter Tenn. 409; 40 Amer. Reports, 97 ; *Edwards* v. *Crilley*, 4 H. & N. 377 ; *Fuller* v. *Redman*, 26 Beav. 614. We find nothing in the testimony from which the jury could infer that the intestate intended that his remark should be communicated to the plaintiff. We have no reported decision upon this point in this State. We think the later cases rest upon the better reason, and are, therefore, of the opinion that the defendant is entitled to a new trial, unless the plaintiff will remit one half of the verdict ; one half of the verdict being the most she would be entitled to claim if the defence of the statute be allowed.

 *Charles H. Page & Franklin P. Owen*, for plaintiff.
 *Simon S. Lapham & Louis L. Angell*, for defendant.