.William H. Ward
v.
William Redden.

*Principal and Surety—Action to Recover Amount Paid by Surety— Limitations—New Promise.*

In an action brought to recover a sum of money paid by plaintiff as surety upon a promissory note for defendant, this court holds that the evidence fails to establish a new promise, the defense being the statute of limitations, and that the judgment for the plaintiff can not stand.

[Opinion filed June 12, 1891.]

IN ERROR to the Circuit Court of Cumberland County; the Hon. W. C. JONES, Judge, presiding.

Mr. W. S. EVERHART, for plaintiff in error.

Mr. PETER A. BRADY, for defendant in error.

WALL, J. This was an action of assumpsit to recover a sum of money paid by plaintiff as surety on a promissory note for defendant.

The statute of limitations, five years, was interposed as a defense, to which the plaintiff replied that the defendant had promised anew within five years.

The verdict was for the plaintiff for $160, and judgment was rendered accordingly.

We have carefully examined the evidence and are of opinion that it wholly fails to establish a new promise. Applying the rule as laid down in this State, we think the judgment should have been for defendant. Keener v. Crull, 19 Ill. 191; Carroll v. Forsyth, 69 Ill. 127; Wachter v. Albee, 80 Ill. 47; Haywood v. Gunn, 4 Ill. App. 161.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*