### Guy Beauman, Appellee, v. W. N. Simmons, Appellant.

1. JUDGMENT, § 45*—*when confession of against one maker only improper.* A power of attorney authorizing a joint judgment by confession against the makers of a promissory note does not empower a confession of judgment against one maker only.

2. JUDGMENT, § 58*—*what shows meritorious defense warranting vacation of by confession on note.* An affidavit that a promissory note had been paid, supported by an indorsement on the note to that effect, is sufficient to show a meritorious defense requiring the setting aside of a judgment by confession.

3. JUDGMENT, § 56*—*when by confession on note should be set aside.* A judgment by confession obtained on a judgment note authorizing judgment by confession in favor of a legal holder should be set aside on affidavit that the plaintiff is not the legal holder, where the note itself shows no indorsement by the payee.

Appeal from the County Court of Johnson county; the Hon. J. F. HIGHT, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 12, 1919.

J. O. COWAN and H. A. SPANN, for appellant.

O. R. MORGAN, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

Appellee enters a motion herein to dismiss this appeal because the appellant's bond was not approved by the court; that no record or bill of exceptions has been filed and that the clerk of the trial court has never certified the record to the Appellate Court.

We have examined this record and find that the bond was approved by the trial judge, that the bill of exceptions was presented and signed by the trial judge within the time granted by the order of court and that the bill of exceptions was filed by the clerk on the day

that it was signed, and the clerk makes a certificate showing that the record filed herein contained a complete copy of all the records and files filed in said cause. Other reasons are also urged upon this motion but they are not important, and the motion to dismiss the appeal is denied.

It appears from this record that on March 7, 1917, appellee obtained a judgment, in vacation, by confession, for $107.42. At the next term of said court a motion to set aside said judgment and for leave to plead was entered. The motion and petition were denied by the court to reverse which order this appeal is prosecuted.

It appears from the record in this case that on June 15, 1910, W. N. Simmons and J. H. Carter executed a note to C. H. Gray of Vienna for $43.75, bearing interest at 7 per cent per annum from maturity. That said note contained a power of attorney reciting: "We hereby empower any attorney at any time hereafter, in any court in term time or vacation, to waive service of process, and confess judgment on the above note in favor of any legal holder of said sum, interest and costs, and ten dollars attorney's fee, and to release all errors and consent to immediate execution," etc. Upon the face of said note appears the following indorsement: "Johnson County Bank, Vienna, Ill., paid Nov. 4, 1910," and on the back of the above note appears the following indorsement: "J. H. Carter." And these are the only indorsements upon the back of said note.

It further appears that on December 31, 1911, W. N. Simmons executed a note payable to the order of Henry McFatridge for the sum of $22.65, which note also contained a power of attorney in substance the same as the one above described. On the back of this note appears the following indorsement: "J. H. McFatridge." It will be observed that the appellee obtained a judgment upon these two notes by confession

before the clerk of said court, in vacation, for $107.42, being the total amount of said notes. The appellant, in support of his motion to set aside said judgment and be permitted to plead, assigns as reason therefor that the note first above described was paid off and discharged on November 4, 1910; that the said power of attorney by reason thereof is void and of no effect; that the said power of attorney is a joint warrant of attorney and does not authorize a several judgment and that the plaintiff in said judgment was not the legal holder of said note, which petition is supported by the affidavit of the appellant. It appears to us that the claims made by the appellant are well supported, not only by his affidavit but by the face of the note itself. The note upon its face recites that it was paid November 4, 1910. It also appears that judgment was taken against Simmons only and not against Carter; and it further appears that C. H. Gray, the payee of said note, never assigned or transferred it to the appellee or any one else. The power of attorney authorized a joint judgment by confession but did not empower any one to confess judgment against one of the makers only. A joint warrant of attorney does not authorize a confession of judgment against the surviving maker of a note, even though the note is in terms joint and several. *Mayer v. Pick,* 192 Ill. 561. It can make no difference whether this note was paid by Simmons or by the other joint maker, Carter. If Carter paid it he would then have no right to transfer the note to appellee so that appellee might take judgment upon it. His rights would be to institute suit against appellant for the money paid out by him for appellant's use, and this suit would be barred in 5 years. *Ward v. Redden,* 39 Ill. App. 643. The power of attorney authorized a confession of judgment in favor of the legal holder of the note only. Appellee was not the legal holder, the legal title was still in Gray and had never been transferred by him. We are

of the opinion that the petition and affidavit and the face of the note show that appellant had a meritorious defense to this judgment, or at least to the greater portion thereof, and the court should have opened up the judgment and permitted the appellant to plead and submit the issues to a proper trial, and that it was error for the court to refuse so to do. *Vennum v. Carr*, 130 Ill. App. 309.

The judgment of the lower court is reversed and the cause remanded with directions to open the judgment and permit the appellant to plead to the merits.

*Reversed and remanded with directions.*