Sundberg v. Temple.

## CHARLES SUNDBERG
### V.
## ADA F. TEMPLE.

*Negotiable Instruments—Note—Judgment by Confession—Motion to Set Aside—Affidavits.*

This court holds as proper the order of the trial court overruling a motion to set aside a judgment entered by confession in favor of the plaintiff and against the defendant, the case as based upon the affidavits of both parties being free from doubt, no attempt having been made by the defendant to deny or controvert the statements set forth in that of the plaintiff.

[Opinion filed December 2, 1889.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. GEORGE W. PLUMMER, for plaintiff in error.

Mr. H. C. NOYES, for defendant in error.

*Per Curiam.* This record brings here for review the order of the trial court overruling a motion to set aside a judgment entered by confession in favor of defendant in error and against plaintiff in error. Plaintiff in error stated in his affidavit, filed in support of the motion, that the note in question was given to one M. S. Robinson, the payee in the note, who was affiant's partner, as an accommodation note, for the purpose of his, said Robinson's, procuring a temporary loan of money for his own use; that Robinson had the possession of said note until long after the same became due. That at the time the note was given plaintiff in error was not indebted to said Robinson in any sum, and that there was no consideration for said note. Defendant in error filed her counter affidavit, in which she states that the note was given for money loaned by her to Sundberg; that she had loaned him $3,000; that he had paid her various sums on said loan, by which the amount owing was reduced to $1,950, the amount of the note;

that a few days before the note was given, Sundberg had paid her on said loan the sum of $325, and that when the note was given to her she surrendered to Sundberg other notes, which were given to her for money loaned, and that the note in question was given in settlement of all moneys due from Sundberg. That the note was delivered to her on the day it was executed, and had remained in her possession until September 23, 1889, when she delivered it to Robinson for collection, and Robinson gave her a receipt for the same, which she attaches to her affidavit. Afterward Robinson returned the note to her, saying that he could not collect it. The note in question is dated May 20, 1885, is due one year after date, and bears eight per cent interest, and such is the description of the note given in the receipt of Robinson, which was introduced in evidence.

Plaintiff in error did not attempt to contradict the facts as detailed in the affidavit of defendant in error.

We are of opinion that the court properly refused to set aside the judgment, or allow an issue to be formed, to be tried by a jury.

The case as it stood on these affidavits can not be said to have been involved in doubt. Plaintiff in error had the opportunity to deny or controvert the statements made in the affidavit of defendant in error; having failed to do so, those statements were to be taken as true. The judgment must be affirmed.

*Judgment affirmed.*