EDWARD MENDELL

*v.*

HENRY B. KIMBALL *et al.*

1. DEFAULT—*setting aside.* A default will not be set aside although the defendant may show that he has a good defense, when it does not appear that he exercised proper diligence, and the absence of his attorney is no excuse for not pleading in time. The negligence of the attorney is that of the client.

2. SAME—*practice—counter affidavits.* Upon a motion to set aside a default counter affidavits should not be received. Such a motion should be heard upon *ex parte* affidavits, and they should be strictly scrutinized.

3. When the affidavits upon their face show a good defense upon the merits, and a valid excuse for the apparent fault of the defendant, that he and those acting for him have used due diligence to appear and plead, the default should be set aside.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. ELDRIDGE & TOURTELOTTE, for the appellant.

Mr. C. M. HARDY, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

Judgment in this case, against appellant, was entered by default, on September 23, 1874, for $590. At the same term, and but a few days after, the appellant moved to set aside the judgment and default, and for leave to plead.

This motion was overruled, and the only point made here by appellant is, that the court erred in overruling his motion to set aside the judgment by default.

We regret that we are compelled to affirm this judgment. The affidavits filed by appellant in support of this motion show satisfactorily that he had a good defense upon the merits, but he fails to show the exercise of proper diligence on his part. The only excuse presented for failing to appear in apt time, and make defense, is the fact that the attorney appellant had employed to attend to his defense was out of the city, and had been for some twenty days. No excuse is offered for the negligence of the attorney. The negligence of the attorney is, in so far as concerned the court, the negligence of the client. The public service, the successful transaction of business, requires the enforcement of wholesome general rules, although hardship may be the result in some cases. The court below was fully warranted in refusing to allow the motion, upon the ground that no sufficient excuse was shown for the failure to appear and plead in apt time.

The record in this case shows that counter affidavits were read by plaintiffs on the hearing of the motion to set aside this default. This is a vicious practice. Courts can not do justice to parties in thus trying the merits upon affidavits, when the affiants are not subject to cross-examination. Such motions should be determined upon the *ex parte* affidavits in support of the motion, and they should be strictly scrutinized.

When, however, such affidavits upon their face show a valid excuse for the apparent fault of the defendant, that he and

those who act for him have used due diligence to appear and plead, and that defendant has a good defense upon the merits, the default should be set aside. All this must be left to the discretion of the court before which the proceedings are had, and the exercise of this discretion will not be reviewed here, unless it has been palpably abused.

*Judgment affirmed.*