## JAMES B. THOMAS
### v.
## DAVID KELLEY ET AL.

*Practice—Dismissal of Appeal—Motion to Set Aside Order—Insufficient Affidavit—Practice.*

1. This court affirms an order denying a motion to set aside an order dismissing an appeal from a justice of the peace for want of prosecution, the affidavit in support of such motion being merely upon information and to the effect that the appellant's attorney was ill and had been for a long time unable to attend to business, at the time of such dismissal.

2. The showing made in support of a motion to set aside an order dismissing an appeal for want of prosecution, will be strictly scrutinized.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. W. A. PHELPS, for appellant.

Messrs. SHUMAN & DEFREES, for appellees.

*Per Curiam.* Appellant having appealed from a judgment by a justice of the peace to the Circuit Court, his appeal was, by the latter court, dismissed for want of prosecution on the call of the calendar on September 20, 1887. On October 6, 1887, appellant made a motion supported by affidavit, to set aside the order of dismissal and reinstate the appeal. The motion was denied, exception taken and appeal by appellant. The affidavit fails to make any satisfactory statement in excuse of the inattention which caused the dismissal. It states merely upon information that the attorney of appellant was ill, and unable to attend to business at the time of the order of dismissal, and that he had been for a long time unable to attend to business. No excuse is given for not presenting the affidavit of some person who had personal knowledge of the attorney's illness, nor is there any denial that appellant was aware of his ill health long enough before the dismissal to have procured other counsel.

A motion of this character is heard on affidavits presented by the moving party only, counter-affidavits not being allowed. Hence the showing made in support of the motion should be strictly scrutinized.    Mendell v. Kimball et al., 85 Ill. 582.

We find no reason to interfere with the order of the Circuit Court in overruling the motion, and it is therefore affirmed.

*Order affirmed.*