Truby v. Case.

CHRISTINE TRUBY

v.

JOHN R. CASE.

*Practice.*

1. This court will not look into the record for affidavits not abstracted but indexed. An index is not an abstract.

2. In proceedings involving an application to have a judgment entered by confession opened to permit a defense, it is proper to receive counter affidavits.

[Opinion filed June 25, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. F. H. TRUDE, for appellant.

Mr. PARKE E. SIMMONS, for appellee.

GARY, J. This is an appeal from an order of the Superior Court denying the application of the appellant to have a judgment entered against her by confession opened to permit a defense.

Affidavits on both sides were read, and those on behalf of the appellee are not abstracted, only indexed. The court will not look for them in the record. Parry v. Arnold, 33 Ill. App. 622. An index is not an abstract. Chi. & G. T. Ry. v. Crolie, 33 Ill. App. 17.

But we suppose this omission to abstract is intentional, as the brief of appellant insists that for the purpose of the application to open the judgment, her affidavits should be taken as true, and counter affidavits should not be received.

Without any express decision, the practice sanctioned by the Supreme Court and this court has been to receive such affidavits, and we now expressly decide that they are admissible. Knox v. Winstead Bk., 57 Ill. 330; Sundberg v. Temple, 33 Ill. App. 633; Anderson v. Studebaker, 37 Ill. App. 532.

Not looking at the counter affidavits not abstracted, we assume that they fully answered the showing made by the appellant.

The judgment is affirmed.

*Judgment affirmed.*