THE GILCHRIST TRANSPORTATION COMPANY

*v.*

THE NORTHERN GRAIN COMPANY.

*Opinion filed October 26, 1903.*

1. JUDGMENTS AND DECREES—*competency of counter-affidavits on a motion to open judgment by default.* Under a general motion by a corporation to open a judgment by default upon the ground that the party upon whom process was served was not the agent of such corporation, it is proper for the court to consider counter-affidavits upon the subject of such agency.

2. SAME—*counter-affidavits on merits of case are not proper for consideration.* A judgment by default will not be opened unless the defendant shows a *prima facie* defense to the merits; but it is not proper to consider counter-affidavits controverting such defense, since the defendant has a right to submit that issue to a jury.

3. SAME—*when an error in considering counter-affidavits is harmless.* Error in considering counter-affidavits controverting defendant's *prima facie* defense to the merits under a general motion to open a judgment by default is harmless, where no sufficient cause for opening the judgment is shown.

4. PROCESS—*process may be served on agent of corporation.* Service of process on a corporation may be had by leaving a copy with the president of the corporation, or, if he cannot be found in the county, by leaving it with some of the officers specified in the statute, or any agent of the corporation found in the county.

*Gilchrist Trans. Co.* v. *Northern Grain Co.* 107 Ill. App. 531, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

C. E. KREMER, for appellant:

Counter-affidavits are not admissible to controvert the matters of defense stated by the affidavits of the defendant on a motion to set aside a default and judgment and for leave to plead. *Mendell* v. *Kimball*, 85 Ill. 582; *Kalkaska Manf. Co.* v. *Thomas*, 17 Ill. App. 235; *Scranfield* v. *Sheeler*, 18 id. 507; *Francis* v. *Cox*, 33 Cal. 323; *Gracier* v. *Weir*, 45 id. 53; *Douglas* v. *Todd*, 96 id. 655; *Love* v. *Jones*, 49

Ind. 297; *Nord* v. *Marty,* 56 id. 535; *Hill* v. *Crump,* 24 id. 291; *Anonymous,* 1 Johns. 313; *Brown* v. *Brown,* 86 Tenn. 277; *Handford* v. *McNair,* 2 Wend. 286; *Linseed Oil Co.* v. *Lee,* 1 S. D. 531; *Johnson* v. *Lynch,* 15 How. Pr. 199.

The court must have jurisdiction of the parties and of the subject matter before it can render a binding judgment or decree.   *Johnson* v. *Johnson,* 30 Ill. 215.

Service of process upon a mere broker or other person not authorized by the corporation to bind it by any contract is not a valid service, under the laws of Illinois, in cases where the corporation has no property or office for the transaction of business in this State.   *Fairbanks* v. *Railway Co.* 54 Fed. Rep. 420.

CHURCH, McMURDY & SHERMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment of the circuit court of Cook county denying the motion of appellant to vacate a judgment entered by default against it in said court in favor of appellee, and to set aside the default and for leave to plead and interpose a defense to the action. From the judgment of the Appellate Court appellant prosecuted this appeal.

The suit was in assumpsit, and the record is as follows: On September 11, 1901, summons was issued, returnable to the October term of that year. On September 20, 1901, the summons was returned with an endorsement of service thereon, as follows: "Served this writ on the within named Gilchrist Transportation Company, a corporation, by delivering a copy thereof to Dennis Sullivan, agent of said corporation, this 17th day of September, 1901. President of said corporation not found in my county." On the same day the declaration was filed, containing four counts, charging the defendant with negligence in the care of corn of plaintiff loaded on a vessel

of defendant at Manitowoc, Wisconsin, to be transported by defendant to Buffalo, New York, by reason of which negligence the corn was greatly injured, damaged and lessened in value. On October 23, 1901, the defendant was defaulted. On November 7, 1901, the court assessed the plaintiff's damages against the defendant at $7791.86, and judgment was entered for said amount and costs. During the same term the defendant, on November 16, 1901, entered its motion to vacate the judgment and to set aside the default and for leave to plead, on the grounds that Dennis Sullivan was not an agent of defendant upon whom service of process against it could be made, and that it had a meritorious defense to the action. It appears from the bill of exceptions that the court heard and decided the motion upon affidavits presented and read by the defendant in support of the motion, and also upon counter-affidavits presented and read by the plaintiff, both upon the question of the agency of Sullivan and also upon the merits involved in the action. Upon a consideration of such affidavits the court entered an order that if the plaintiff should remit $1841.39 from the judgment the motion should be denied, but otherwise it should be granted. Plaintiff elected to remit such sum, and the *remittitur* was entered *nunc pro tunc* as of the date of the judgment, leaving the judgment to stand for $5950.47 and costs. The court then denied defendant's motion.

One of the assignments of error is, that the court erred in permitting the plaintiff to file, and read on the hearing of the motion, the counter-affidavits presented in its behalf. So far as these counter-affidavits related to the merits of the controversy the court erred in hearing and considering them. The appearance entered by the defendant when the motion was made was general, and the motion was not for the purpose of having the judgment set aside as void for want of jurisdiction of the defendant, but its object was to enable the defendant to present its defense to the action. In the form in which

the motion was made, it was necessary for the defendant to show that Sullivan was not its agent, that it was not guilty of negligence and that it had a meritorious defense.  It is conceded that if Sullivan was an agent of the defendant of such a character that delivering a copy of the summons to him would constitute service upon the defendant, the judgment could not be set aside, as in such case there would be no legal excuse for not appearing in answer to the summons and making the defense. The question of the agency of Sullivan and diligence of the defendant was to be tried by the court on the motion, and to be finally and conclusively settled.  It could not be tried again, and if the judgment should be opened to let in the defense it would not be an issue in the case, and consequently should not be heard and finally determined *ex parte*.   If the court should conclude to vacate the judgment and set aside the default the order would be final, and both parties should have an opportunity to present the facts.   On such a question the court should hear both sides, so as to finally determine the facts, and we have always held counter-affidavits to be admissible. (*Boyle* v. *Levi*, 73 Ill. 175; *Palmer* v. *Harris*, 98 id. 507; *Hefling* v. *VanZandt*, 162 id. 162; *Hartford Life Ins. Co.* v. *Rossiter*, 196 id. 277.)  Even if it should appear that the default and judgment did not result from the fault or negligence of the defendant, the court will not open the judgment if there is no defense to the action.   It is therefore necessary for the defendant to show a defense *prima facie* on the merits, but if the affidavits on the part of the defendant show a meritorious defense the court is not authorized to try the merits of the case on affidavits.   Under our system such action would be an encroachment upon right to trial by jury.   In *Mendell* v. *Kimball*, 85 Ill. 582, it was said that such a practice was a vicious one, and that courts could not do justice to parties in thus trying the merits upon affidavits where the affiants are not subject to cross-examination.   If there should be cause for

opening a judgment and setting aside a default, and the affidavits for the defendant show a meritorious defense, the courts should not try the issue which the defendant proposes to raise by interposing its defense.   The right of defendant is to have the issue passed upon by a jury. In this case the hearing on the merits was favorable to the defendant to the extent of the *remittitur*, and, in any event, if the affidavits did not show good grounds for vacating the judgment and setting aside the default the action of the court in denying the motion must be affirmed.

The facts relating to the agency of Sullivan, appearing from the affidavits and counter-affidavits, are as follows:   Sullivan carried on the business, in Chicago, of furnishing cargoes for vessels, and in doing so represented the owner of the vessel and signed the bill of lading. The steamers of the defendant were not operated upon any regular line or route, but took cargoes from any port on the lake, and in the prosecution of his business Sullivan acted as defendant's agent for procuring cargoes at Chicago.   The general manager of the plaintiff negotiated with the president and general manager of the defendant concerning the shipment of the corn, and was referred by such president and general manager to Sullivan, at Chicago, as the agent of the defendant, with whom to confer upon any matters relating to the cargoes.   Sullivan signed the bill of lading of the cargo of corn in this case, and after the loss was reported to the defendant, Sullivan proposed to the manager of the plaintiff that they go to Manitowoc to examine into the matter.   Sullivan went and acted as the representative of the defendant, and they found a large quantity of corn in the vessel damaged by water.   Defendant afterward recognized the agency of Sullivan and left the matter in his hands.

Service may be had by leaving a copy of the process with the president of a corporation, or if he cannot be found in the county, by leaving it with certain officers

specified in the statute, or a general agent, station agent, or any agent of the corporation found in the county. While Sullivan was not a general agent, it was well established that he was a regular agent of the defendant, acting for it in the city of Chicago. Service upon him was service upon the defendant, and no excuse is shown for its failure to appear and defend the action.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*