## Gilbert Vennum v. H. J. Carr.

1. JUDGMENT BY CONFESSION—*when should be opened up to admit defense.* A judgment entered by confession should be opened up to admit a defense where the affidavit of merits, if true, shows a complete legal defense.

2. CONSIDERATION—*when will not support note.* A gambling consideration will not support a note.

Judgment by confession. Appeal from the County Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded with directions. Opinion filed November 27, 1906.

FLEMING R. MOORE and NELLIE B. KESSLER, for appellant.

DYER & WALLBRIDGE and J. B. MANN, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

On February 20, 1906, one of the days of the January term of the Circuit Court of Vermilion county, a judgment by confession, under a warrant of attorney, was entered in favor of appellee and against appellant, for the sum of $1,088.20. The judgment was predicated

upon a promissory note signed by appellant bearing date August 3, 1905, payable to the order of one C. E. Raines for the sum of $1,000, with seven per cent. interest.

Execution was issued upon said judgment and levied upon certain real estate of the defendant. During the same term of court, on April 24, 1906, appellant filed a motion to vacate said judgment, stay proceedings under the execution, and for leave to plead to the merits. The motion was supported by the affidavit of appellant, which, in substance, averred that about the month of August, 1905, appellant, together with Raines, the payee of said note, and two other persons, engaged in a game of "poker;" that prior to such game, Raines and the others had conspired together to cheat and defraud appellant in the game; that during said game appellant lost large sums of money, in settlement of which losses, and for no other or different consideration, he gave the note upon which the judgment in question was rendered, and, further, that the existence of such conspiracy was unknown to affiant at the time, and had been by him only recently discovered. On April 27th, the last day of said term, appellee filed in said cause, without leave of court, a number of affidavits denying the charges contained in the affidavit of appellant, and averring an alleged state of facts relative to the execution and consideration of the note, which, if true, showed that the same was given for a legal and valuable consideration. The court, over the objection of appellant, considered said counter-affidavits and overruled appellant's motion. This appeal is prosecuted to procure a reversal of said order and judgment.

The errors relied upon for reversal are that the court below erred in considering the counter-affidavits, and in overruling the motion.

It has been recently held in the case of Gilchrist, etc., v. North Grain Co., 204 Ill. 513, that a judgment by default will not be opened unless the defendant shows a *prima facie* defense to the merits; that it is not proper

to file counter-affidavits contradicting such defense since the defendant has a right to submit that issue to a jury; and, further, that if the affidavits on the part of the defendant show a meritorious defense, the court is not auth. rized to try the merits of the case on affidavits, as such action would be an encroachment upon the right of trial by jury. Our attention has been directed to no case where the Supreme Court of this state has been called upon to directly decide whether the rule above stated and the reasons assigned are properly applicable in cases where it is sought to open a judgment by confession.

It will not be necessary, however, to now determine the question. In Dionne v. Matzenbaugh, 49 Ill. App. 529, which involved the propriety of the refusal of the court below to permit a judgment by confession to be opened, it was held that where the affidavit of the defendant shows that the sole and only consideration of the note is invalid and unlawful, and the counter-affidavits show the contrary, the court cannot try the issue upon affidavits; but that if the affidavits of the defendant show a *prima facie* case of good defense, it is the duty of the court to open up the judgment, and allow such defense to be interposed, and the issue tried by jury.

This case and that of Truby v. Case, 41 Ill. App. 153, which seems to hold otherwise, are the only authorities cited by counsel, where the question under consideration was apparently directly presented and determined. We are disposed to adopt the reasoning of the court in the former case, and follow the rule there announced. If the averments contained in the affidavit of appellant be taken as true, it is obvious that he has a complete legal defense to the note. The Criminal Code provides that a note given or judgment rendered upon a gambling consideration is void and of no effect (§131); that a judgment rendered upon such obligation may be set aside on motion on due notice thereof given (§135); and that no assignment

of any such instrument shall in any manner affect the defense of the person executing the same, or the remedies of any person interested therein (§136).

A judgment rendered upon any promise or other contract where the whole or any part of the consideration thereof is for money won at gaming is absolutely void, and of no effect, whether confessed or not. West v. Carter, 129 Ill. 249.

The judgment will be reversed and cause remanded, with directions to the County Court to sustain the motion of the plaintiff, upon condition, however, that the judgment when opened shall stand as security for the amount due upon the note in suit, pending a trial of the issues upon the merits.

*Reversed and remanded with directions.*