## J. W. Farrior, doing business as J. W. Farrior & Company, v. George T. Mickle.

### Gen. No. 13,183.

1. DEFAULT—*what essential to right to set aside.*    Before granting a motion to vacate a judgment and for leave to plead, two things must concur: first, diligence, or the intervention of occur-

rences not readily to be avoided, which will operate to excuse diligence; and, second, a meritorious defense.

2. DEFAULT—*what court may consider in determining question of setting aside.* Where a motion is made to set aside a judgment in attachment, the court may properly consider the fact that the garnishee served in the attachment has paid the judgment which has been rendered against him.

3. DEFAULT—*what counter-affidavits competent upon motion to set aside.* While counter-affidavits upon the merits are not admissible, they are admissible upon the question of diligence.

Attachment proceeding. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed April 18, 1907.

RALPH F. STERN, for appellant.

ATWOOD, PEASE & LOUCKS, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The record here brought for review discloses a proceeding under the Attachment Act, commenced November 16, 1905, by appellee, a resident of Chicago, against appellant, residing and doing business at Birmingham, Alabama. The right to the attachment was predicated on the non-residence of appellant. One E. A. Thornton was summoned as garnishee. A declaration was filed November 22, 1905, claiming damages in the sum of $582 sustained by appellee in consequence of the non-performance by appellant of a contract to deliver to appellee two cars of lumber. Interrogatories to the garnishee were filed the same day. Publication of notice, as required by statute, was duly had, and a copy of the notice mailed to appellant at Birmingham, Alabama, as appears by the clerk's certificate of mailing on file. January 4, 1906, E. A. Thornton, garnishee, filed his answer to the interrogatories, admitting an indebtedness to appellant of $525.96. January 4, 1906, being the default day of the January term of the Superior Court, and appellant having failed to enter his appearance or to file any plea, judgment for $525.96 was entered against appel-

lant, and a judgment for a like sum against Thornton on his answer as garnishee. Execution on the latter judgment was issued the same day, and Thornton paying it upon demand, the execution was returned by the sheriff satisfied in full.

On January 9, 1906, appellant entered an appearance and moved the court to set aside the default and vacate the judgment, and for leave to plead. After several hearings and adjournments the motion was on March 3, 1906, denied, and this appeal prayed and perfected.

There is no contest in relation to the regularity of any of the proceedings preceding the motion to vacate them by appellant. The only question now before us for review resolves itself into whether the learned trial judge, in denying appellant's motion to vacate the default and judgment orders, overstepped the limits of judicial discretion reposed in him by law, or, in other words, can we say that such action was an abuse of judicial discretion. On the part of appellant a solution of this question must rest in the diligence, or lack of it, which the record discloses appellant exercised in appearing to interpose his defense; for it necessarily follows that if appellant lacked diligence in interposing a defense within the time prescribed by statute, then the court owed appellant no duty in exercising its discretion to admit a defense upon the merits. It is quite possible that the publication notice sent by the clerk of the court might have gone astray and not reached appellant, and a denial of its having reached appellant, uncontradicted, would have much weight in determining the question of diligence. But we find ample proof in the record that notice of the attachment came to appellant in ample time to enable a defense to be interposed with due deliberation and without haste, with the exercise of ordinary diligence.

On November 17, 1905, copy of the publication notice was mailed appellant at Chicago, directed in its name to Birmingham, Alabama. One H. C. White, an attorney at Birmingham, acting for appellant, wrote a letter to the clerk of the Superior Court, December 9, 1905, asking in detail for information in relation to the attachment suit. On De-

cember 12, 1905, the clerk responded, giving full information on all the points inquired about. In this letter it was stated "that the writ of garnishment had to be answered by the December term of court." On December 18 White acknowledged receipt of this letter, asking for more information of the clerk, and on December 21 the clerk, responding again, among other things said: "We think you had better refer this matter to an attorney in this city." On January 4, 1906, White sent the clerk an appearance fee of $3, which being received after judgment and final disposition of the cause, the clerk returned to White, informing him of the amount of the judgment and the condition of the record.

From the foregoing recital it is clear that appellant frittered away valuable time in a seeming endeavor to escape retaining a Chicago lawyer. There was no diligence attempted and no heed given to the warning of the clerk of the court to employ local counsel. With knowledge of the time when judgment would be rendered against Thornton as garnishee, the dilatory tactics were continued. Not until after payment of the judgment by Thornton, the garnishee, did appellant appear.

The court undoubtedly took into account on the hearing of the motion to vacate the fact that Thornton had paid the judgment, and that it would be inequitable and a hardship on Thornton to put him in a position where he assumed the risk of appellee maintaining his claim against appellant upon a trial upon the merits, and on his failure, of being confronted with loss of the amount paid in faith of the judgment, or being burdened with litigation in an effort to recover back from appellee the amount paid him. This would be rewarding the irresolute at the expense of the diligent. There is no reasonable excuse disclosed for appellant not having made a defense within the statutory time. Every opportunity afforded was persistently ignored. The warnings given were not heeded.

The merits of the defense are not pertinent here in view of the want of diligence in appellant in making a defense. Nor was that question important in the trial court in view

of the appellant's lack of diligence shown by the record. There were no mistakes or miscarriages here. Appellant was in possession of all the facts making his appearance and defense imperative. The failure to appear and defend in time is inexcusable. While counter-affidavits upon the merits are not admissible, they are admissible on the question of diligence. Gilchrist Trans. Co. v. Northern Grain Co., 204 Ill., 510.

Before granting a motion to vacate a judgment and for leave to plead, two things must concur. First, diligence, or the intervention of occurrences not readily to be avoided, which will operate to excuse diligence. Second, a meritorious defense. The facts on both points must be made to appear to the court by affidavits. While the court cannot try the merits of the cause on affidavits, as the parties are entitled to a jury trial, still it is a matter for the court to determine, in the first instance, whether the defendant has shown such merits in his claimed defense as justifies the court in sending the case to a jury for trial, and while counter-affidavits may not be entertained as to the merits, it is not error to consider affidavits controverting a defendant's *prima facie* defense to the merits under a general motion to open a default and vacate a judgment, where no sufficient cause is shown for opening the judgment.

Appellant was guilty of negligence in failing to defend within the statutory time and in allowing a default and judgment to be entered, and in not appearing to defend before judgment had been entered against the garnishee and the amount of the judgment paid by him and the judgment satisfied.

Appellant failed to show a meritorious defense. The refusal of the offer made by appellee to vacate the judgment providing appellant would agree to ship the lumber to appellee called for by the contract, was not an action importing good faith, as the contract was not disputed nor the obligation of appellant to ship the lumber by that contract sold, questioned. The major contest was as to the measure of damages, which appellant alleged were excessive.

The trial court acted within the limitations of its discretion in denying the motion of appellant, and the judgment of the Superior Court is consequently affirmed.

*Affirmed.*