## J. W. Mastin v. E. A. Richardson.

JUDGMENT BY CONFESSION—*duty of court to set aside.* A motion to open a judgment and for leave to plead to the merits is addressed to the sound judicial discretion of the court, and involves the exercise by the court of equitable power with respect to its own judgment; and where the defense sought to be pleaded appears from the showing made to be complete, the judge to whom

Mastin v. Richardson.

the motion is addressed should open up the judgment and allow the defense to be interposed.

Judgment by confession. Error to the Circuit Court of Shelby county; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

E. J. MILLER, W. K. WHITFIELD and CHAFEE & CHEW, for plaintiff in error.

WALTER C. HEADEN, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

October 18, 1905, a judgment by confession in favor of defendant in error, E. A. Richardson, against plaintiff in error, J. W. Mastin, and one H. S. Batman, was entered in vacation in the Circuit Court of Shelby county for $5,506, upon a promissory note and warrant of attorney, as follows:

"$5,250.00.          SHELBYVILLE, ILL., August 23, 1905.

"Six months after date, for value received, we promise to pay to the order of John M. Wolf,

"Five thousand two hundred and fifty dollars, at Citizen's National Bank, of Shelbyville, Illinois, with interest at seven per cent. per annum from date until paid.

"And to secure the payment of said amount, I (or we) hereby authorize irrevocably any attorney of any court of record of the United States to appear for me (or us) in such court, in term time or vacation, or at any time hereafter, and confess a judgment without process, in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs, and $200 attorney's fees to be assessed as costs and made a part of the judgment entered hereon and to waive and release all errors which may intervene in any proceedings and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my (or our) said attorney may do by virtue thereof.

H. S. BATMAN,
J. W. MASTIN.''

On the back of which note appears the following indorsement: "John M. Wolf."

Execution was issued on said judgment directed to the sheriff of Moultrie county to execute and was by him immediately levied on certain real estate of plaintiff in error, and said real estate was advertised for sale on November 13, 1905. On that day, upon the convening of the November term of court, plaintiff entered his motion to stay execution upon the judgment and for leave to plead. The motion of plaintiff in error was supported by several affidavits and upon consideration thereof the court entered an order staying the execution. Thereafter, defendant in error was granted leave to file additional affidavits in support of his motion, and upon a further consideration by the court the order theretofore entered staying the execution was vacated and the motion to open the judgment and for leave to plead was denied. This writ of error is prosecuted to reverse such ruling of the Circuit Court.

The only material question here involved is presented by the affidavit of plaintiff in error which states that the said note and power of attorney was never executed by him; that he never received any money on said note and does not owe the same or any part thereof; that said note has been altered and changed without his knowledge or consent from a note for $250 to a note for $5,250; that at the time he signed said note it was only for the sum of $250 and that the words "five thousand" were written in the note before the words "two hundred and fifty" and the figure "5" was written before the figures "250," without his knowledge or consent and after the said note was signed by him. The statement of plaintiff in error that the alleged alterations and changes had been made in the note is corroborated by the affidavits of several persons who give it as their opinion, from an inspection of the note, that the same had been so altered and changed.

The statements in the affidavit of plaintiff in error

are denied in affidavits filed by John M. Wolf, H. S. Batman and Nina Inman, a clerk and stenographer in the employ of Wolf, and such denial is supported by the affidavits of defendants in error and other persons, who, upon an inspection of the note, give it as their opinion that it appears regular upon its face and has ·not been altered or changed. The original note has been certified to this court for inspection.

A motion to open a judgment and for leave to plead to the merits is addressed to the sound judicial discretion of the court, and involves the exercise by the court of equitable power with respect to its own judgments. Blake v. State Bank, 178 Ill. 182.

The general rules applicable to cases involving changes and alterations in a promissory note are thus stated in Merritt v. Boyden & Son, 191 Ill. 136: "When a note is changed materially either by a payee or transferee, not only is it vitiated and destroyed in the hands of the party responsible for the alteration, but no recovery can be had upon it against the maker by a person into whose hands it has come after the change was made, even though the latter be a *bona fide* indorsee for value without notice of the alteration. Where a note is complete at the time when it is signed by the maker, its subsequent alteration by raising the amount thereof through obliteration of the same by the use of any chemical process, or other ingenious device, without the knowledge or consent of the maker, will discharge him from liability upon the note."

Some distinction is sought to be made tending to limit the application of the foregoing rules in cases where the notes although complete when executed are so drawn as to leave a space permitting words or figures to be prefixed or suffixed to the amount stipulated to be paid in the body of the notes, thereby increasing such amount, but Greenfield Savings Bank v. Stowell, 123 Mass. 196, the best considered case to which our attention has been directed, and the reasoning in which appeals to us as unanswerable and con-

clusive, does not recognize such distinction. There is a clear distinction, however, between a case such as that at bar, and one in which the note when executed is not a complete instrument and in which the maker of the note leaves blank spaces wherein may be inserted the amount to be paid, the time of maturity, the rate of interest, etc.

In Vennum v. Carr, 130 Ill. App. 309, this court intimated very strongly that in an application to open a judgment by confession and for leave to plead to the merits, where the affidavit of the defendant shows a *prima facie* good defense counter affidavits are not permissible, and leave to plead should be granted and the issue of fact submitted to a jury.

The facts averred in the affidavit of plaintiff in error constitute, *prima facie,* a complete defense to a suit upon the note, and upon a consideration thereof and inspection of the original note we are of opinion that the trial court should, at least, have opened the judgment, allowing the same to stand as security for the amount due, if any, and permitted plaintiff in error to plead to the merits, and submitted the issues of fact involved to a jury.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*