### Nellie Murphy v. P. G. Schoch.

#### Gen. No. 4,813.

1. PROMISSORY NOTE—*what defense to, as against innocent holder for value.* If the indorsement of a promissory note essential to give it validity is a forgery or was obtained by fraud and circumvention without negligence on the part of the party defrauded, a perfect defense exists to the note even as against an innocent holder for value.

2. COUNTER-AFFIDAVITS—*when should not be considered upon motion to set aside judgment by confession.* Counter-affidavits upon the merits should not be heard upon a motion to set aside a judgment entered by confession.

3. JUDGMENT BY CONFESSION—*how affidavits presented upon motion to set aside, considered.* Affidavits presented upon a motion to set aside a judgment entered by confession should be closely scrutinized and the intendments thereof taken most strongly against the applicant.

Judgment by confession. Error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding. Heard in

this court at the April term, 1907.  Reversed and remanded.  Opinion filed August 6, 1907.

BUTTERS, ARMSTRONG & FERGUSON, for plaintiff in error; ROBERT CARR, of counsel.

GLEIM & COLWELL, for defendant in error.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On July 29, 1906, defendant in error, an indorsee of a promissory note alleged to have been made by plaintiff in error, entered a judgment by confession against plaintiff in error in the Circuit Court of LaSalle county for the sum of $44 upon a *narr* and *cognovit* in the usual form.  At the next term of the court plaintiff in error entered her motion to vacate the judgment and for leave to plead.  An affidavit of plaintiff in error was filed in support of the motion, which set forth, amongst other things, that plaintiff in error is a school teacher residing in LaSalle county; that one Mrs. White on September 12, 1905, came to the school plaintiff in error was teaching; that after the scholars had departed she informed plaintiff in error that she was introducing a savings plan for young school teachers by which they might be assisted in saving their money; that Mrs. White produced what she termed an application and requested plaintiff in error to sign it; that plaintiff in error told Mrs. White she could not invest in any plan of the kind mentioned; that her parents would not consent to her taking out any insurance upon her life or investing her money without their consent; that Mrs. White told her she need not invest in said plan or take out any insurance, but that if she would sign her name to said application and other papers necessary to send to Chicago, it would save Mrs. White another trip to see her; that if she did not wish to take out the insurance she need not do so; that the papers in no way obligated her to pay anything, but simply gave her history, age,

parentage, etc., for the information of the head office, from which a policy might be made out; that Mrs. White produced a large paper from which she read certain questions and wrote down plaintiff in error's answers thereto and asked her to sign the same in certain places pointed out, and also requested her to sign her name upon a small piece of paper so that she would have her postoffice address; that she thereupon wrote her name upon a small piece of blue paper, but that said paper was not the note upon which the judgment was entered; that the name appearing upon the back of said blue paper is not the signature of affiant, but is a forgery, or if it is her signature it was obtained by fraud and circumvention; that she never signed any paper purporting to be a promissory note.

The instrument upon which the judgment was entered purports to be a promissory note payable to "Myself or order," with a power of attorney in the usual form, and signed "Nellie Murphy, P. O. address 900 W. Jefferson St." and indorsed "Nellie Murphy."

The affidavit of plaintiff in error states that the paper upon which she signed her name and postoffice address is not the note upon which the judgment was entered, and that the signature on the back of the instrument on which judgment was entered is not her signature, but is a forgery, or was obtained by fraud and circumvention. A promissory note payable to the order of the maker has no validity until it is indorsed and transferred by the maker. Kayser v. Hall, Admr., 85 Ill. 511. If the indorsement is a forgery, or was obtained by fraud and circumvention, and the signature to the note was obtained by fraud and circumvention, without negligence on the part of plaintiff in error, then there is a perfect defense to the note in an innocent purchaser's hands. The affidavit is positive that plaintiff in error never signed any note. When it is made to appear that a note upon which judgment has been taken by confession was executed in the belief that some other document, not a note, was actually being signed, leave

to plead should be allowed upon due application. Funk v. Hossack, 115 Ill. App. 340.

Upon the hearing of the motion to vacate the judgment the defendant in error offered evidence tending to show that plaintiff in error had knowingly signed the note and warrant of attorney. This the plaintiff in error objected to, the objection was overruled and exception duly taken. The authorities are not harmonious upon the question whether counter-affidavits should be heard upon such a motion. Many cases are in the books where such affidavits were filed, but upon an examination it does not appear that objection was made thereto, or any exception taken. A motion to set aside a judgment by confession is addressed to the equitable discretion of the court, and the question is whether there are equitable reasons why the judgment should be opened up to let in a defense. If there is a showing to the court of facts from which it may fairly be seen that there is a good and sufficient defense on the merits of the case, then the motion should be allowed. In a law case, if there is a controversy over the facts which, if proved, would constitute a defense, it is the right of a party to have the facts tried by a jury. If the court assumes to try the issues of fact without a jury, a party is thereby deprived of his constitutional right. This court held in Dionne v. Matzenbaugh, 49 Ill. App. 527, that counter-affidavits should not be heard for the purpose of determining the merits of the cause. The motion, so far as relates to the merits of the alleged cause of action or defense, should be heard on the affidavits in behalf of the motion only, but such affidavits should be closely scrutinized and the intendments of the affidavits construed most strongly against the applicant.

From the statements in the affidavit of plaintiff in error, the signature to the note and power of attorney, and the indorsement, either are forgeries or they were obtained by some trick or device the details of which are unknown to her, but without any intention on her

part of executing a note. We are of opinion the court should have opened the judgment and allowed the plaintiff in error to plead. The motion made by plaintiff in error was too broad; the motion should not be to vacate the judgment, but only to open it and for leave to plead. The judgment is therefore reversed and the cause remanded with directions to allow a motion to open the judgment with leave to plead to the merits of the action.

*Reversed and remanded.*