## Craig A. Hood, Appellee, v. Mary Gehrs, Appellant.

## Gen. No. 16,468.

JUDGMENT—*when counter affidavits upon motion to set aside improper.*
Upon an application to set aside a judgment entered by confession it is
improper for the court to hear and consider counter affidavits as to the
merits of the defense sought to be interposed.

Judgment by confession. Appeal from the Circuit Court of Cook
county; the HON. JESSE A. BALDWIN, Judge, presiding. Heard in the
Branch Appellate Court at the March term, 1910. Reversed and
remanded with directions. Opinion filed May 9, 1912.

GEORGE A. BRINKMAN, for appellant.

SIMON T. SUTTON, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.
Eight days after the entry of a judgment by con-
fession in the court below for $226.22 upon a judgment
note signed by appellant, she appeared and made a
motion to vacate the judgment and for leave to plead
to the merits. In support of her motion she filed sev-
eral affidavits stating in substance that the note was
given by her to the appellee, a practicing attorney at
law, in consideration of services to be by him per-
formed as her attorney in conducting a divorce suit;
that appellee filed the bill for divorce, procured a tem-
porary injunction and served several notices, appar-
ently upon tenants of property alleged to be owned by
appellant which she had transferred to her husband;
that appellee collected $73 in addition to the judgment
note, out of which he paid the costs of the divorce pro-
ceeding and kept the remainder; that two or three
weeks later appellant and her husband "became recon-
ciled" and the divorce suit was dismissed; that the
money collected by appellee was sufficient to pay him

for all the services he had rendered; that appellant demanded the return of the note but appellee refused to surrender it unless paid $75 in addition to what he had thus collected.

Upon the hearing of this motion the court, over the objection of appellant, permitted counter-affidavits as to the merits to be filed and read; and thereupon, after appellee, at the suggestion of the court, had remitted $86.22, leaving the amount of the judgment $140, the court denied appellant's motion for leave to plead to the merits, from which action of the court the appellant appeals.

In Farwell v. Huston, 151 Ill. 239, 246, it is said:

"This court has held, in a number of cases, that a court of law exercises an equitable jurisdiction over a judgment by confession; that if there is an absence of authority to confess, the debtor will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment before the court of law which rendered it; and that such court of law may open the judgment and permit the debtor to present his defense to the claim, if he have any, but will, however, protect the creditor by permitting the judgment to stand as security. Yet, such relief will not be granted if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered."

In Mumford v. Tolman, 157 Ill. 258, 265, it is said:

"The question, on motion to vacate a judgment entered by confession, is not whether the judgment shall be set aside for errors of law, but whether there are equitable reasons why it should be opened up to let in a defense. Knox v. Winsted Savings Bank, 57 Ill. 330; Hansen v. Schlesinger, 125 Id. 230."

We think the affidavits filed by appellant in support of the motion for leave to plead to the merits, when considered alone, were sufficient *prima facie* to show that appellant has a meritorious defense to the judgment note. The question is therefore presented,

whether the trial court erred in considering and acting upon the counter-affidavits filed by appellee as to the merits, and in deciding the merits of the case upon a consideration of such affidavits. No case has been cited by counsel, and we have been unable to find one, in which our Supreme Court has passed squarely upon the question here involved in the case of a judgment entered by confession. The same question, however, has been raised and decided in cases where a motion to set aside a default was made. In Mendell v. Kimball, 85 Ill. 582, in which a motion of that character was presented, the court said:

"The record in this case shows that counter-affidavits were read by plaintiffs on the hearing of the motion to set aside this default. This is a vicious practice. Courts cannot do justice to parties in thus trying the merits upon affidavits, when the affiants are not subject to cross-examination. Such motions should be determined upon *ex parte* affidavits in support of the motion, and they should be strictly scrutinized."

This case was followed with approval in Gilchrist Transportation Company v. Northern Grain Company, 204 Ill. 510, in which the court uses the following language, (p. 512):

"One of the assignments of error is that the court erred in permitting the plaintiff to file, and read on the hearing of the motion, the counter-affidavits presented in its behalf. So far as these counter-affidavits related to the merits of the controversy the court erred in hearing and considering them."

The court then holds that counter-affidavits are permissible in such cases to contradict the defendant's affidavits as to matters purporting to show a legal excuse for not appearing and making defense before the default, and concludes as follows:

"It is therefore necessary for the defendant to show a defense *prima facie* on the merits, but if the affidavits on the part of the defendant show a meritorious de-

fense, the court is not authorized to try the merits of the case on affidavits. Under our system such action would be an encroachment upon right to trial by jury.''

The Gilchrist case, *supra,* has been cited as authority in the following cases in the Appellate Court: American Mail Order Co. v. Marsh, 118 Ill. App. 248, 250; Mutual Insurance Co. v. Carnahan, 122 Ill. App. 540, 542; Vennum v. Carr, 130 Ill. App. 309, 310; Farrior v. Mickle, 133 Ill. App. 444, 448; Finklestein v. Schilling, 135 Ill. App. 543, 547; Birtman v. Thompson, 136 Ill. App. 621, 627.

In Vennum v. Carr, *supra,* the Appellate Court of the Third District intimated, but did not expressly decide, that the same rule should be applied to motions to set aside judgments by confession; in Mastin v. Richardson, 134 Ill. App. 252, 256, the same court went further and applied the intimation contained in Vennum v. Carr, *supra,* to such a motion; in Murphy v. Schoch, 135 Ill. App. 550, the Appellate Court of the Second District applied the same rule to a like motion, and in Birtman Co. v. Thompson, 136 Ill. App. 621, 627, the Branch Appellate Court of the First District reached the same conclusion on a motion to vacate a judgment by confession upon a warrant of attorney contained in a lease.

As opposed to these authorities the only case cited by appellee's counsel is the case of Truby v. Case, 41 Ill. App. 153, in which the Appellate Court of the First District apparently holds to the contrary. An examination of that opinion, however, does not show that the counter-affidavits there referred to contradicted the showing of the defendant's affidavits as to a meritorious defense; and as above shown, counter-affidavits are proper to be considered as to matters not going to the merits.

It is evident that the trial court considered the merits of this case upon affidavits filed by both parties, for it required a remittitur to be entered and then denied the

motion for leave to plead to the merits. This was error.

The judgment will, therefore, be reversed and re-manded with directions to the Circuit Court to grant the motion of the defendant and to permit the defend-ant to plead to the merits, the judgment, however, to stand as security until the case is tried.

*Reversed and remanded with directions.*