THIRD DISTRICT—JULY, 1922. 43

Continental Const. Co. v. Henderson C. P. S. Co., 227 Ill. App. 43.

## Continental Construction Company, Appellee, v. Henderson County Public Service Company, Appellant.

1. JUDGMENTS AND DECREES—*motion to set aside judgment determinable upon ex parte affidavits.* A motion to set aside a judgment entered against defendant by confession, to redocket the case and to give defendant leave to plead, must be tried on the ex parte affidavits offered in support of the motion, and it is error to consider counter-affidavits by plaintiff.

2. JUDGMENTS AND DECREES—*prima facie showing of defense on merits as requiring opening of judgment by confession.* A judgment entered by confession on a note given in payment of the contract price for installing a certain electric transmission line should be opened and leave given to defendant to plead, where the supporting affidavits offered on motion to set aside such judgment make a prima facie defense of total failure of consideration for the note by averments showing that the confession of judgment was made by an officer of defendant without authority, that at the time the note was signed certain serious latent and fraudulently concealed defects existed in the construction of such line which were not discovered until after the note was given and that the payee then refused to correct them and defendant was compelled to do so at an expense in excess of the amount of the note.

Appeal from the Circuit Court of Fulton county; the Hon. W. C. FRANK, Judge, presiding. Heard in this court at the April term, 1922. Reversed and remanded with directions. Opinion filed July 10, 1922.

McROBERTS & MORGAN, for appellant.

C. HAROLD HIPPLER, for appellee; JESSE HEYLIN, of counsel.

MR. JUSTICE HEARD delivered the opinion of the court.

This is an appeal from an order of the circuit court of Fulton county denying appellant's motion to set aside a judgment entered by confession, redocket the case and give appellant leave to plead. Judgment

was confessed upon the last day of the May, 1921, term of the circuit court of Fulton county, and appellant's motion was filed on the second day of the next succeeding, or September term of court. The judgment was confessed upon a note signed for appellant by D. W. Lee, its president.

In support of the motion appellant filed the affidavits of D. W. Lee and C. R. Pendarvis, its president and secretary, to the effect that the note in question was given in payment of the last instalment of money due the appellee under a contract whereby it had agreed and undertaken to furnish and perform all the labor in erecting and constructing a certain high tension electrical transmission line for appellant; that D. W. Lee had neither express nor implied authority to sign a warrant or power of attorney to confess judgment against appellant without process; that at the time this note was signed there were certain serious latent and fraudulently concealed defects in the construction of the said transmission line by appellee constituting a violation and breach of its contract, that these defects could not be discovered until some time after this note was given, that the appellee refused to correct these defects, whereby appellant was forced to correct them at an expense in excess of the amount of this note, and that appellant therefore has the meritorious defense of total failure of consideration, to the plaintiff's action upon the note. Counter-affidavits of W. G. Tuell, president, and Albert Mahr, a former president of appellee, were filed in substance denying the facts set up in the affidavits filed by appellant.

The court after considering the affidavits and counter-affidavits entered an order denying appellant's motion. The errors assigned and relied upon by the appellant are that the court erred in considering counter-affidavits going to the merits of appellant's defense, and that the court erred in denying the appellant's motion.

In *Mendell v. Kimball*, 85 Ill. 582, the court in discussing this question said: "The record in this case shows that counter-affidavits were read by plaintiffs on the hearing of the motion to set aside this default. This is a vicious practice. Courts cannot do justice to parties in thus trying the merits upon affidavits, when the affiants are not subject to cross-examination. Such motions should be determined upon ex parte affidavits in support of the motion, and they should be strictly scrutinized." In *Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill. 510, in considering an analogous question, the court quoted with approval from *Mendell v. Kimball, supra,* and said: "It is therefore necessary for the defendant to show a defense prima facie on the merits, but if the affidavits on the part of the defendant show a meritorious defense, the court is not authorized to try the merits of the case on affidavits. Under our system such action would be an encroachment upon right to trial by jury."

The affidavits of Lee and Pendarvis showed a defense prima facie on the merits and it was error for the court to consider counter-affidavits going to the merits of the claim. Upon the showing made by its affidavits, appellant was entitled to have the judgment opened for the purpose of allowing appellant to plead.

The order of the circuit court is reversed and the cause remanded with directions to the circuit court to grant appellant's motion to open the judgment for the purpose of allowing appellant to plead, permitting the judgment to stand as security until the merits of the case are heard and determined.

*Reversed and remanded with directions.*