## Mutual Life of Illinois, Appellee, v. E. H. Little, Appellant.

1. CONFESSION OF JUDGMENT—*right to consider counter-affidavits to the merits on motion to open judgment.* Counter-affidavits going to the merits cannot be considered by the court on a motion to open a judgment by confession and for leave to plead to the merits.

2. CONFESSION OF JUDGMENTS—*sufficiency of showing of merits to open judgment.* A meritorious defense to an action on a note given for a life insurance premium is shown by an affidavit offered in support of a motion to vacate a judgment by confession on such note and for leave to plead to the merits, where it is averred in such affidavit that the note was given subject to an agreement for a rebate for the use of defendant's name, that he was to be credited with half the face of the note, that the policy as issued contained no loan, participation or cash surrender values but was to be exchanged within sixty days for one which contained such privileges, and that no rebate or credit was allowed or new policy issued.

3. CONFESSION OF JUDGMENT—*right of debtor in pari delicto to have judgment opened on meritorious defense.* A defendant who presents a meritorious defense in his supporting affidavits on a motion to vacate a judgment by confession and for leave to plead to the merits, cannot be deprived of the right to such relief by the fact that the defense offered involves the giving of an unlawful rebate for a life insurance policy to which defendant was a party, he having purchased the insurance on the strength of the agreement to rebate half the premium which agreement was not kept by plaintiff.

4. CONFESSION OF JUDGMENTS—*when motion to vacate timely.* A motion to open a judgment by confession and for leave to plead

on the merits is made in apt time where made within sixteen days after the judgment was entered, and within a few days after defendant had first notice of its entry, although the judgment was taken on the last day of one term of court and the motion to vacate is made at the next succeeding term.

Appeal by defendant from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1922. Reversed and remanded. Opinion filed September 23, 1922.

BEASLEY & ZULLEY, for appellant.

FARTHING, BOYLES & FARTHING, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

On September 10, 1921, being the last day of the April term of the circuit court of St. Clair county, judgment was entered by confession in said court for $969.48, in favor of appellee and against appellant on a judgment note. On September 26, 1921, being one of the judicial days of the September term of said court, appellant presented a motion supported by affidavits to stay execution, vacate said judgment and for leave to plead to the merits. Said affidavit set forth in effect, among other things, that at the time said note was signed by appellant, certain agents for appellee procured appellant's application for $40,000 life insurance in appellee's company; that the premium rate for one year on the same amounted to $1,710.80, but in consideration of the use of apellee's name as a person carrying $40,000 in insurance in appellee's company, said agents would give appellant a reduction of fifty per cent on said premium; that the note sued on was executed by appellant for the full amount of $1,710.80, but that a credit was to be allowed thereon of fifty per cent; that the policies issued by appellee's company contained no loan, participation or cash surrender value, but that within

sixty days said policies were to be taken up and new ones issued containing these privileges; that the act of said agent was later ratified by the president of appellee's company; that at the expiration of sixty days, appellee's company failed to take up said policies and issue new ones as agreed; that said rebate or deduction was not allowed appellant for any indebtedness due him, but was allowed solely as an inducement to procure the application of appellant for said policies of insurance.

On the motion of appellee the court granted leave to file a counter-affidavit admitting said rebate, but setting up a certain contract between appellee and appellant, whereby the latter became an agent of appellee and as such agent had earned considerable sums as commissions upon sale of stock of appellee's company, and was paid commissions on business procured by him, individually and by him with other agents, and that he was entitled to a certain commission on the policy issued on his own life.

Appellant moved to strike said counter-affidavit from the files, the court denied said motion and denied appellant's motion to open said judgment and for leave to plead.

It is contended by counsel for appellee that in passing upon motions to vacate a judgment entered by confession, the court exercises an equitable jurisdiction and that counter-affidavits as well as affidavits in support of the motion to open the judgment should be considered. Authorities were cited showing that such practice has been recognized by the Supreme and Appellate Courts of this State. However, only in the case of *Truby v. Case*, 41 Ill. App. 153, was the question of the propriety of submitting counter-affidavits considered by the court. In none of the other cases cited by counsel for appellee was any objection raised to the filing and considering of counter-affidavits, so that point was not discussed in the opinion in said cases.

That a court of law exercises an equitable jurisdiction over judgments by confession is well recognized in this State. *Lake v. Cook*, 15 Ill. 353-356; *Blake v. State Bank of Freeport*, 178 Ill. 182.

The question of considering counter-affidavits on a motion to set aside a judgment taken by default has frequently been before the courts of this State, and said courts have uniformly held that counter-affidavits should not be considered on questions of fact raised on the merits of the case; that these were questions the parties had the right to have passed on by the jury. *Mendell v. Kimball*, 85 Ill. 582; *Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill. 510.

In *Gilchrist Transp. Co. v. Northern Grain Co., supra*, the court, on page 513, says:

"It is therefore necessary for the defendant to show a defense prima facie on the merits, but if the affidavits on the part of the defendant show a meritorious defense the court is not authorized to try the merits of the case on affidavits. Under our system such action would be an encroachment upon right to trial by jury. In *Mendell v. Kimball*, 85 Ill. 582, it was said that such a practice was a vicious one, and that courts could not do justice to parties in thus trying the merits upon affidavits where the affiants are not subject to cross examination."

In *Vennum v. Carr*, 130 Ill. App. 309, *Birtmann v. Thompson*, 136 Ill. App. 621, and in *Hood v. Gehrs*, 170 Ill. App. 230, the propriety of considering counter-affidavits on a motion to open a judgment taken by confession and for leave to plead were considered and it was held in each of said cases that it was not proper for the court, on a motion of this character, to consider counter-affidavits so far as the issues involved were concerned; that those were questions to be tried by a jury.

In *Hood v. Gehrs, supra*, the court, at page 232, quoting from *Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill. 510, says:

" 'One of the assignments of error is that the court erred in permiting the plaintiff to file, and read on the hearing of the motion, the counter-affidavits presented in its behalf. So far as these counter-affidavits related to the merits of the controversy the court erred in hearing and considering them.'

"The court then holds that counter-affidavits are permissible in such cases to contradict the defendant's affidavits as to matters purporting to show a legal excuse for not appearing and making defense before the default, and concludes as follows:

" 'It is therefore necessary for the defendant to show a defense prima facie on the merits, but if the affidavits on the part of the defendant show a meritorious defense, the court is not authorized to try the merits of the case on affidavits. Under our system such action would be an encroachment upon right to trial by jury.'

"The *Gilchrist* case, *supra*, has been cited as authority in the following cases in the Appellate Court; *American Mail Order Co. v. Marsh*, 118 Ill. App. 248, 250; *Mutual Ins. Co. v. Carnahan*, 122 Ill. App. 540, 542; *Vennum v. Carr*, 130 Ill. App. 309, 310; *Farrior v. Mickle*, 133 Ill. App. 444, 448; *Finkelstein v. Schilling*, 135 Ill. App. 543, 547; *Birtman Co. v. Thompson*, 136 Ill. App. 621, 627.

"In *Vennum v. Carr*, *supra*, the Appellate Court of the Third District intimated, but did not expressly decide, that this rule should be applied to motions to set aside judgments by confession. In *Mastin v. Richardson*, 134 Ill. App. 252, 256, the same court went further and applied the rule laid down in *Vennum v. Carr*, *supra*, to such a motion. In *Murphy v. Schoch*, 135 Ill. App. 550, the Appellate Court of the Second District applied this rule to a like motion, and in *Birtman Co. v. Thompson*, 136 Ill. App. 621, 627, the Branch Appellate Court of the First District reached the same conclusion on a motion to vacate a judgment by confession upon a warrant of attorney contained in a lease.

"As opposed to these authorities the only case cited by appellee's counsel is the case of *Truby v. Case*, 41

Ill. App. 153, in which the Appellate Court of the First District apparently holds to the contrary. An examination of that opinion, however, does not show that the counter-affidavits there referred to contradicted the showing of the defendant's affidavits as to a meritorious defense; and, as above shown, counter-affidavits are proper to be considered as to matters not going to the merits."

It clearly appears from the above authorities that it is not proper for a trial court to consider counter-affidavits which go to the merits of the controversy on a motion to vacate a judgment, and we, therefore, hold that the court erred in refusing to strike said affidavit from the files.

The next question for us to determine is whether or not the affidavits submitted by appellant in support of his motion disclose a meritorious defense. Without going into a discussion of this question it is only necessary for us to say that we are of the opinion and hold that said affidavits did present a meritorious defense. *People v. Commercial Life Ins. Co.,* 247 Ill. 92; *People v. American Life Ins. Co.,* 267 Ill. 504.

In fact, counsel for appellee practically concede that the affidavit filed by appellant, considered alone, does set forth a meritorious defense. It is, however, contended by counsel for appellee that if the agent of appellee violated the law in procuring the application of appellant for the policies of insurance above mentioned, that appellant was *in pari delicto* and, therefore, should not be allowed to take advantage of his own wrong, and should not be allowed to defend against the note in question for that reason. We hold, however, that this point is not well taken. In *Goodrich v. Tenney,* 144 Ill. 422, the court in discussing this question, at page 430, says:

"Courts of justice will not enforce the execution of illegal contracts, nor aid in the division of the profits of an illegal transaction between associates. *Neustadt v. Hall,* 58 Ill. 172. It is there said: 'In the

language of Lord Ellenborough in *Edgar v. Fowler,* 3 East 222, ''we will not assist an illegal transaction in any respect; we leave the matter as we find it and then the maxim applies, *melior est conditio possidentis.''* It may be insisted that it is unjust as between the parties for Tenney to raise the question, and very dishonest toward appellant for him to take advantage of it, but the contract being illegal, no rights can be enforced under it. As said by Lord Mansfield, in *Halman v. Newland,* Cowper, 417, 'no court will lend its aid to a man who founds his cause of action upon an illegal or immoral act.' The maxim *ex turpi contractu non oritur actio* applies in all such cases, and neither party, if *in pari delicto,* can have assistance from courts of justice in enforcing the contract. And the objection may be made by a party *in pari delicto,* for the defense is not allowed because the party raising the objection is entitled to the relief, but upon principles of public policy and to conserve the public welfare.''

In *Fields v. Brown,* 188 Ill., the court on page 116, says:

''To hold that such a judgment entered (by confession) on a criminal and illegal obligation part of a transaction subversive of public interests shall be deemed an executed contract, with absolute right in the plaintiff to judicial process for collection, would be shocking to every man's sense of justice. The argument is the judgment shall stand, for the plaintiff need only show the note, and the defendant, as actor, will not be heard alleging his own and the plaintiff's turpitude in an application for opening the judgment. In one sense the plaintiff is an actor. He causes the confession of judgment on the void instrument and uses the processes of the law to collect the money agreed to be paid for its violation. The reason of a rule which allows a defendant to plead and prove the illegality of a contract in bar of a suit upon it demands that he be heard in an application to open a judgment so confessed. His rights are of secondary importance, and he is not heard for their vindication. It is the duty of the court, on proper showing, to open such

a judgment, to the end that there may be a trial, or if suit had been originally commenced on the note, or other obligation on which the judgment was entered.''

We therefore hold that appellant is not barred of his right to make a motion to set aside said judgment and for leave to plead by reason of the fact that he may be *in pari delicto* with appellee.

It is also contended by appellee that the motion to stay execution and for leave to plead should not be allowed for the reason that appellant did not make said motion in apt time. The record in this case discloses that judgment by confession in this case was taken on September 12, 1921, being the last day of the April term of the circuit court of St. Clair county, and that the September term of said court began on the 14th day of September. The motion to vacate said judgment was made on the 26th day of September, being sixteen days after the taking of said judgment. Appellant's affidavit tends to show that the first notice he had of the entry of said judgment was when he was served with the execution some few days prior to the making of said motion, but without reference to whether or not that was the first notice appellant had, we are of the opinion that there was not such delay in making said motion as to warrant its refusal on that account, and we so hold in this case.

We have purposely refrained from discussing the matters raised in appellant's affidavit as a defense to said note further than to say we think they are sufficient to warrant the giving of leave to plead and for staying execution, as we do not think it proper at this time to enter into a discussion of those matters as they are not really involved on this record. The motion to open the judgment should be allowed, execution should be stayed and the judgment should be allowed to stand as security pending the hearing of the case on the merits.

For the reasons above set forth, the judgment of

the trial court will be reversed and the cause will be remanded.

*Judgment reversed and remanded.*