Walter H. Stone, Trustee of estate of Leopold Friedman, deceased, Appellee, v. M. G. Levinson, Appellant.

## Gen. No. 28,163.

JUDGMENTS—*merits not triable by examination of defendant on motion to vacate judgment by confession.* A defendant seeking to have vacated a judgment against him by confession on a cognovit in a lease cannot be examined by counsel for the plaintiff on the hearing of the motion to vacate where he has made a prima facie defense in his affidavit in support of the motion, and it is reversible error for the trial court to deny the motion after defendant's refusal to submit to such cross-examination as to the truth of the allegations in his affidavit.

Appeal by defendant from the Municipal Court of Chicago; the Hon. C. F. McKINLEY, Judge, presiding. Heard in this court at the October term, 1922. Reversed and remanded. Opinion filed March 19, 1923.

EMANUEL GREENWALD, for appellant.

WILLIAM A. ROGAN, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff obtained judgment against defendant for $100, being rent for September and October, 1921, plus attorney's fees, by confession on a cognovit in a lease. Subsequently defendant moved that this be vacated and filed an affidavit in support of this motion. This was denied and from the order denying the motion defendant has appealed.

By the affidavit defendant asserted that he was a tenant of plaintiff under a written lease expiring May 1, 1922. While inaptly worded, the affidavit sets forth substantially that in July, 1921, by mutual agreement between himself and plaintiff, his landlord, defendant vacated the premises and surrendered the same with the lease to plaintiff, who accepted the same pursuant to their agreement; that the lease with the power of attorney to confess rent was then terminated, hence it was not operative to permit judgment by confession for rent accruing subsequent to that time.

Upon the hearing of the motion the attorney for plaintiff made certain representations orally to the court, tending to show that the facts alleged in the affidavit were untrue. He asked leave to cross-examine defendant as to the facts alleged in the affidavit. Defendant was not present in court and the motion was continued, the court saying that defendant should appear to be examined orally and cross-examined as to the facts. When the matter again came up defendant did not appear, his lawyer stating that they relied upon the affidavit filed and excepted to the court's order that the defendant appear in person for examination. The court thereupon denied defendant's motion to permit him to defend.

Counter affidavits may not be received and considered in motions to set aside a judgment obtained by default. *Gilchrist Transp. Co. v. Northern Grain Co.,* 204 Ill. 510. It is only necessary for defendant to

show a prima facie defense on the merits. For the court to try the merits on affidavits would encroach upon the right to have the merits considered by a jury.

This rule, so far as we are aware, has not been under consideration by our Supreme Court in any case involving a judgment by confession on a written instrument. In *Hood v. Gehrs,* 170 Ill. App. 230, this court, after considering a number of cases, arrived at the conclusion that the same reasons for barring counter affidavits in proceedings to set aside judgments by default should also control where it is sought to set aside judgments by confession.

If, therefore, proper practice bars consideration of counter affidavits as tending to be a trial by the court upon the merits, the court certainly could not, where the affidavit presents a prima facie defense on the merits, rule against it because of the oral assertions and statements of opposing counsel, however much the court might be inclined to think that were all the facts known the matters contained in the affidavit would be found to be untrue. Under such circumstances the court should at least permit the merits to be tried in the usual way, ordering the judgment to stand as security for the amount due, if any.

The order appealed from is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT, J., concurs.