Elaborated Ready Roofing Company, Appellee, v. R. C. Hunter, Appellant.

Gen. No. 35,143.

Opinion filed July 6, 1931. Rehearing denied July 20, 1931.

EDWARD E. WILSON and JOSEPH E. SNOWDEN, for appellant.

ALFRED NEWTON, for appellee; ALFRED NEWTON and JOSEPH ROSENBAUM, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

November 25, 1930, plaintiff filed its statement of claim which declared upon a promissory note and power of attorney to confess judgment. Attached to the statement of claim was what is alleged to be a copy of the note. On the same day judgment by confession was entered in favor of plaintiff and against defendant for $833.26, which sum included $105.29 for attorney's fees. February 6, the defendant filed his petition praying that the judgment be opened up and he be given leave to defend, and in support of this filed his sworn petition. Plaintiff filed three counter-affidavits. The matter came on for hearing and the bill of exceptions recites the court heard the case on the defendant's petition, plaintiff's counter-affidavits, and evidence. The motion of the defendant was thereupon overruled and denied, and defendant appeals.

Plaintiff in its statement of claim alleges that "plaintiff's claim is for money due upon a certain promissory note which is hereto attached and made a part of this statement of claim." The document attached, so far as it is necessary to state the contents of it here, is "Order form. Main Office Copy. Elaborated Ready Roofing Co. . . . June 17, 1930.

"Gentlemen: Please enter my order for roofing and labor to be furnished for house at 3340 Michigan Avenue . . . (of which property I am the owner or

have the right to contract) as follows:'' Then follows a notation written in ink which apparently is the work that is to be done on the building. The document then provides: ''In consideration of the full performance by the undersigned of all of the agreements herein contained, and upon the completion of the work, as indicated by the written approval thereof by the undersigned, the company agrees to guarantee,'' etc. . . .

''Said materials and installation to cost $719.00, payable Net Cash, Sept. 15, 1930.''

Then follows a power of attorney to confess judgment, signed by the defendant, and purports to be accepted by R. Cowan, manager. From the foregoing it is obvious that the document is not a promissory note but an order from defendant to plaintiff to do some repairs on defendant's property, for which he agreed to pay $719 provided the work was satisfactorily performed as indicated by the written approval of the defendant. Whether plaintiff furnished the material and performed the work mentioned in the order made a part of the statement of claim does not appear from the record as it stood when the judgment was confessed.

The defendant, in his verified petition, wherein he sought to have the judgment opened up and for leave to defend on the merits, set up that on the day the judgment was entered, November 25, 1930, plaintiff caused an immediate execution to be issued and returned ''not found,'' so that it could begin garnishment proceedings, which it did on that day; that on January 3, 1931, a person representing himself to be an officer of court, left a copy of an execution with a person who was visiting at defendant's home, but defendant did not learn of the judgment until he returned to his home January 17, 1931, from a hospital in Ohio where he had been a patient. The petition further set up that the defendant had a meritorious defense to the entire claim—that the plaintiff did not

perform the labor or furnish the material provided for in the contract, but on the contrary plaintiff tore down and destroyed defendant's property and refused to rebuild or replace it.

To the verified petition the plaintiff filed three counter-affidavits, all of them being substantially the same, in which plaintiff avers that the defendant was guilty of laches in moving to vacate the judgment; that the defendant "on, to-wit, December 3, A. D. 1930," knew that the judgment had been entered against him, and that thereafter, "during the month of December, 1930, the defendant had knowledge of the said judgment"; that on November 25, 1930 (the date the judgment was entered), plaintiff began garnishment proceedings on the judgment.

It will be noted that the matters set up in the affidavits are very indefinite and uncertain as to when defendant knew of the entry of the judgment against him.

February 9, the record discloses, "This cause coming on for hearing on motion of the defendant" to vacate and set aside the judgment and that the court overruled the motion and the defendant appeals.

The bill of exceptions in the record prepared in the ordinary form, shows defendant's petition, and the three counter-affidavits, with the customary recitals following, but in these recitals there appears to be inserted in ink a recital that the matter came on for hearing "without a jury, a jury having been waived." It then recites that the court considered the petition and the counter-affidavits, "and after having heard the testimony given in open court" by witnesses called for both parties, "the court found the issues for the plaintiff." The bill of exceptions then recites that the foregoing is a full, true and complete report of all the proceedings "upon the petition of the said R. C. Hunter, except the proceedings and evidence had, taken and offered at the trial and hearing on the fore-

going case, and the rulings of the court with respect to the said petition except upon the proceedings and evidence had, taken and offered at the said trial and hearing.''

The foregoing recitals quoted are rather anomalous. We are not familiar with the practice of waiving a jury on such a proceeding. Obviously the matter was for the court and not for a jury. What issues were found by the court are rather uncertain. The only question properly before the court on such a motion was whether the defendant had set up a meritorious defense and whether defendant was chargeable with such a degree of negligence as to leave him no standing in court. *Dunlap v. Gregory,* 14 Ill. App. 601; *Handelsman v. Clarke,* 247 Ill. App. 636 (Abst.). On such a motion the question of a meritorious defense interposed is of much more importance than the question of the defendant's diligence or lack of it. *Handelsman v. Clarke, supra; Mason v. McNamara,* 57 Ill. 274.

We think the defendant set up a reasonable excuse for not moving sooner. The judgment here was entered by confession. He knew nothing of the proceeding until after the judgment was entered, and a judgment by confession can be set aside after the term at which it was entered has expired, which is not generally true of other judgments.

In passing on a motion of the defendant to open up a judgment entered by confession and for leave to defend, equitable circumstances are controlling. In the instant case, if what the defendant swears to in his petition is · true—and it must be so assumed on this record—he is being mulcted out of more than $800 because he swears that the plaintiff did not repair defendant's buildings as it agreed, but on the contrary tore them down and refused to replace or rebuild them. Plaintiff declared on a promissory note, but the copy of it attached to and made a part of the statement of claim can in no sense be construed as a promissory

note. It is an order given by defendant to plaintiff to repair defendant's property. Plaintiff ought not be permitted, under the guise of an order to repair buildings, to claim that the document is a promissory note upon which a judgment might be confessed.

We think it was proper practice, under the law, for the court to consider the counter-affidavits filed by plaintiff, touching the question of whether the defendant was guilty of laches in moving to open up the judgment. The counter-affidavits did not go to the merits of the case. *Gilchrist Transp. Co. v. Northern Grain Co.*, 204 Ill. 510; *Hood v. Gehrs*, 170 Ill. App. 230; *Mutual Life of Illinois v. Little*, 227 Ill. App. 436. Defendant having shown a meritorious defense, and having given a reasonable excuse for not moving sooner, the court erred in overruling his motion, and the order of the municipal court of Chicago is therefore reversed and the matter remanded with directions to open up the judgment and give the defendant a trial on the merits.

*Reversed and remanded with directions.*

McSurely and Matchett, JJ., concur.