James L. Preisler, Defendant in Error, v. Antoni Gule-
zynski and Rozalia Gulezynski, Plaintiffs in Error.

Gen. No. 35,291.

Opinion filed December 28, 1931.

ALANSON C. NOBLE, for plaintiffs in error; CHESTER
D. KERN, of counsel.

LEON A. SEMERAK, for defendant in error.

MR. PRESIDING JUSTICE O'CONNOR delivered the opin-
ion of the court.

January 16, 1931, at 10 o'clock in the morning, plain-
tiff caused judgment by confession to be entered in the

circuit court of Cook county against the defendants for $3,850, which included $350 attorney's fees. The basis of the judgment was a document entitled "Extension of Loan." Afterwards, April 3, 1931, the defendants filed their verified petition to open up the judgment and for leave to defend, and on the same day an order was entered denying the motion. There next appears in the record an order entered April 14, which recites that the defendants, by their counsel, moved the court to vacate and set aside the order of April 3, and to open up the judgment, and that they be given leave to defend. The motion was again denied and the defendants appeal to this court. They were given time within which to file their bond and bill of exceptions. The bill of exceptions was approved and filed, and afterwards this writ of error was sued out from this court.

The record discloses that the defendants purchased a piece of real estate in Chicago on which there was a mortgage of $3,500 secured by a trust deed executed by the prior owners of the property. The $3,500 came due on January 16, 1931, and on that date the defendants executed the document on which the judgment was confessed. At the top of this document, in large letters, appears the following: "Extension of Loan." It then recites that in consideration of the extension of the time of payment of the $3,500 which was evidenced by a note and trust deed executed January 16, 1928, by the former owners of the property, for a period of three years, the defendants agreed to pay the $3,500 on January 16, 1934, with interest payable semiannually as evidenced by interest coupons executed by the defendants. And it was further provided that all of the covenants and agreements in the note and trust deed should remain unchanged except the time of payment. Then followed the authority to confess judgment for the amount remaining due, together with $350 attorney's fees.

It will be noted that this "Extension of Loan" was executed by the defendants January 16, 1931, and on the morning of the same day plaintiff caused judgment to be entered in the circuit court of Cook county. It is obvious that this confession of judgment was a fraud on the defendants. The record discloses that the defendants had little education and were practically unable to read or write the English language, and that they were led to believe that plaintiff was extending the time of payment of the loan for three years. Of course plaintiff could not confess judgment against the defendants on the note evidencing the $3,500 which was secured by the mortgage then on the property because the defendants had not signed that note and obviously he could not obtain a judgment for attorney's fees against them. The document on which judgment was confessed can in no sense be deemed a promissory note. It is entitled an "Extension of Loan." That is what it purports to be, and plaintiff ought not to have had the defendants execute this document under the guise of extending the time of payment of the loan, and then turn around and claim it was a promissory note on which judgment might be confessed.

We have condemned somewhat similar documents on which it was sought to have judgment confessed. *Elaborated Ready Roofing Co. v. Hunter,* 262 Ill. App. 380. In that case we said (pp. 384–5): "Plaintiff declared on a promissory note, but the copy of it attached to and made a part of the statement of claim can in no sense be construed as a promissory note. It is an order given by defendant to plaintiff to repair defendant's property. Plaintiff ought not be permitted, under the guise of an order to repair buildings, to claim that the document is a promissory note upon which a judgment might be confessed."

There are a great many other errors in the record, on account of which the court should have vacated the

judgment, one of which is that the declaration filed was not signed by any attorney and that a number of blank spaces in the printed declaration were not filled out, so that it is more or less meaningless. In view of the fact that we hold that the document, which is the basis of the judgment, was an agreement to extend the time of the payment of the loan and not a promissory note, the order of the circuit court refusing to vacate the judgment is erroneous and it is reversed and the matter is remanded to the circuit court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

McSurely and Matchett, JJ., concur.