Elaborated Ready Roofing Company, Appellee, v. R. C. Hunter, Appellant.

Gen. No. 35,813.

Opinion filed June 20, 1932.

JOSEPH E. SNOWDEN, for appellant; EDWARD E. WILSON, of counsel.

ALFRED NEWTON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

October 28, 1931, this cause was heard without a jury, and after hearing the evidence and argument of counsel, the court found that there was due from the defendant to the plaintiff $833.26 at the date the judgment by confession was entered, the judgment was confirmed and the defendant appeals.

The record discloses that on November 25, 1930, plaintiff caused judgment by confession to be entered against the defendant for $833.26. February 6th following the defendant filed his petition seeking to have the judgment opened up, and for leave to defend. In

this petition the defendant set up that plaintiff's claim was based upon an alleged contract between the parties, whereby plaintiff agreed to perform certain work and labor and to furnish materials in repairing certain buildings belonging to the defendant, for which defendant agreed to pay. The petition further set up that plaintiff did not perform the work and labor or furnish the material as provided for by the contract, but that plaintiff tore down and destroyed the defendant's property and refused to replace and rebuild it, and therefore the defendant did not owe the plaintiff anything. This petition was sworn to by the defendant. The motion of the defendant to open up the judgment was denied, the defendant appealed, and upon consideration by this court the judgment of the municipal court was reversed and the cause remanded with directions to open up the judgment and to give the defendant leave to defend on the merits. *Elaborated Ready Roofing Co. v. Hunter,* 262 Ill. App. 380. Afterwards, on August 4, 1931, the mandate of this court was filed in the office of the clerk of the municipal court of Chicago, and on August 31 the cause was reinstated, and the defendant given leave to defend and to demand a jury trial, which demand defendant filed on that date. September 11, 1931, the cause was set for trial on October 5; on October 5, the cause was continued until October 21, 1931; on that date it was again continued until October 27, and on the latter date to October 28. When the cause was reached for trial October 28 the defendant moved for leave to file an amended affidavit of merits and to strike plaintiff's statement of claim. The motions were denied and the cause then went to trial. Plaintiff put in its evidence to the effect that it had performed the work required of it by the contract and that the defendant had approved the work as done. The defendant offered no evidence and thereupon the court confirmed the judgment theretofore entered by confession as above stated.

In this court the defendant contends that when the cause came on for trial he sought to file an amended affidavit of merits by which he set up that plaintiff in his statement of claim had declared upon a promissory note and that there was no promissory note mentioned in the statement of claim; and it is contended that the judgment should be reversed because the plaintiff's statement of claim is insufficient to sustain it. There is no merit in this contention. Whether plaintiff's statement of claim states a cause of action cannot be urged by defendant because he did not seek to raise any such question until the case was reached for trial October 28. The case had been to this court, where the comment was made as to the nature of plaintiff's statement of claim, and afterward it had been redocketed, and the defendant given leave to defend upon the merits as this court ordered; afterward the defendant demanded a jury trial, but later waived it; the cause was continued from time to time and no complaint made concerning the statement of claim until the case was called for trial. In these circumstances we think the learned trial judge was entirely warranted in denying the defendant's motion.

It has long been the settled rule that in cases of the 4th class in the municipal court, after hearing on the merits and no objection being made as to the sufficiency of the pleadings, the case is to be decided on the evidence. In discussing actions of the 4th class in the municipal court in *Edgerton v. Chicago, R. I. & P. Ry. Co.*, 240 Ill. 311, the court said (p. 312): "Actions of this class, under said act, are brought without forms of written pleading. (Hurd's Stat. 1908, sec. 3, p. 665.)" And continuing the court said (p. 313): "As to this class of cases under the Municipal Court Act, where no written pleadings are required, the same rule will govern as controls the form of actions before

justices of the peace. We have held that 'it is the well settled practice that in such courts (i. e., where written pleadings are not required) the party suing need not even name his action, or if misnamed, that will not affect his rights, if upon hearing the evidence he appears to be entitled to recover and the court has jurisdiction of the defendant and of the subject matter of the litigation.' "

We have followed the *Edgerton* case in numerous cases decided by this court, and the rule was again announced by our Supreme Court in *Bruner v. Grand Trunk Western Ry. Co.*, 319 Ill. 421 (affirming 236 Ill. App. 541). In that case the Supreme Court said (p. 425): "Defendant insists the suit was in contract against joint defendants, and the judgment should have been against both defendants or neither. This contention the Appellate Court held was not tenable, as the action was of the fourth class to recover damages for negligence, and may be treated as in tort. No written pleadings are required, and the rules applicable are the same as govern actions before justices of the peace. That holding is in accordance with *Edgerton v. Chicago, Rock Island and Pacific Railway Co.*, 240 Ill. 311."

On the former appeal of this case (262 Ill. App. 380) we said (p. 384): "In passing on a motion of the defendant to open up a judgment entered by confession and for leave to defend, equitable circumstances are controlling. In the instant case, if what the defendant swears to in his petition is true—and it must be so assumed on this record—he is being mulcted out of more than $800 because he swears that the plaintiff did not repair defendant's buildings as it agreed, but on the contrary tore them down and refused to replace or rebuild them." After expressing this view we reversed and remanded the cause to permit the defendant to defend on the merits, but he failed to do this although

he swore in his petition on the former appeal, as above stated, that the plaintiff did not repair the buildings as agreed, but on the contrary tore them down, yet when he was given an opportunity to go on the stand he failed to do so. It is plain that he has no defense to this cause, and the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.