Automatic Oil Heating Company, Appellee, v. Fred B. Lee and Cordelia Lee, Appellants.

### Gen. No. 40,136.

Opinion filed October 10, 1938.

B. G. CLANTON, of Chicago, for appellants.

MARSHALL & MARSHALL, of Chicago, for appellee; MAURICE G. SHANBERG and DAVID C. GROSSMAN, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

November 9, 1937, plaintiff, the payee of a promissory note made by defendants, caused judgment by confession to be entered against them for $684.47, which included $88.48 for attorney's fees. November 29 defendants filed their verified petition to open up the judgment and for leave to defend. On the same day an order was entered continuing the matter to December 13; on the latter date another order appears

in the record giving defendants leave to file an amended petition within 5 days; December 17 an amended petition was filed by them. The next that appears in the record is a second amended petition filed January 13, 1938, and on the same day an order was entered overruling defendants' motion and fixing their appeal bond at $1,000, to be filed within 30 days.

Counsel for both parties say that defendants' petition, the amended petition and the second amended petition were stricken and that the court refused to permit them to file a fourth petition. We shall assume this to be the fact, although it is not borne out by the record. The praecipe calls for all orders entered and the clerk certifies that the record is in accordance with the praecipe.

Since there is no question of lack of diligence on the part of defendants in moving to open up the judgment, the questions for decision are whether the second amended petition set up a meritorious defense, and whether the court abused his discretion in refusing to open up the judgment to permit defendants a hearing on the merits.

The substance of the allegations of the second amended petition is that on March 10, 1937, at the time of the execution of the note, plaintiff and defendants entered into a conditional sales agreement whereby plaintiff was to sell and completely install in defendants' apartment building a burner and equipment for heating the premises, to be connected with the heating plant then in the building. Defendants were to pay $25 cash and the balance, $589.85, in monthly instalments, which was evidenced by the note in suit. By the terms of the contract plaintiff further agreed to "furnish free of charge reasonably prompt service for the inspection, adjustment and repair of the burner and to replace any defective parts, during one year

from the date of installation, provided the buyer uses fuel oil of the grade recommended by the Seller. . . .

."The burner which is to be installed is guaranteed by the Seller for the period of one year from date of installation against imperfections in material and workmanship, provided it is subjected to normal use and given the care necessary to a mechanical device of this kind, and that the burner is capable of supplying heat up to the normal heating capacity of the boiler or furnace in which it is installed, as determined by standard heating methods." The title was to remain in plaintiff until all payments were made.

It is further alleged that before the execution of the contract plaintiff made a survey of defendants' premises with the view of putting in an oil burner and equipment; that plaintiff recommended the oil burner which was later installed, stating it would adequately heat the premises, and relying upon this defendants signed the conditional sales agreement; that the burner and equipment were installed and "after a thorough use . . . of said equipment" it proved inadequate to furnish heat "up to the normal heating capacity of the boiler and furnace in which the said equipment was installed" as provided in the contract; that by reason of insufficient heat defendant lost a number of tenants; that upon ascertaining that the boiler and equipment were not sufficiently heating the premises, defendants notified plaintiff and demanded that it remedy the burner and equipment, which plaintiff orally promised to do "by supplying other equipment," and stated that the other equipment would supply sufficient heat in accordance with the terms of the conditional sales contract, which we have above quoted, but that plaintiff failed and refused to remedy the defect; that later, September 23, 1937, defendants notified plaintiff that unless the matter was corrected by October 1, defendants would be compelled to dismantle the boiler and

equipment and restore the old coal burner and equipment theretofore used for heating the building; that plaintiff did nothing toward improving the boiler or heating apparatus, and defendants thereupon dismantled and took out the boiler and equipment, restored the old heating plant and notified plaintiff that they held same subject to plaintiff's orders, and that therefore the note was without consideration.

The law applicable to the situation before us has long been well established. The general rule is that on motion to open a judgment entered by confession and for leave to defend, the question of a meritorious defense is of much more importance than the question of the defendant's diligence or lack of it. *Mason v. McNamara*, 57 Ill. 274; *Elaborated Ready Roofing Co. v. Hunter*, 262 Ill. App. 380. The motion is addressed to the sound legal discretion of the trial court, but if there is an abuse of such discretionary authority a court of review will interfere on appeal. The motion and supporting affidavit must show such abuse of discretion. "It must also be made to appear therefrom that the party filing the motion has a meritorious defense to the entering of the judgment or some portion thereof, and the motion and affidavits in support thereof are construed most strongly against the party making the application." *McMurray v. Peabody Coal Co.*, 281 Ill. 218. "If the affidavits, when considered, would disclose a clear and equitable reason for opening the judgment and allowing appellants to plead, that it would be the duty of the court, in the exercise of such equitable powers, to so order (*Knox v. Winsted Co. Bank*, 57 Ill. 330), and, in the exercise of liberal discretion, pass upon the questions thus raised and presented." *Pearce v. Miller*, 201 Ill. 188.

Applying the law to the facts in the instant case, we hold that while the verified petition in support of the motion might well have been more specific in stat-

ing the facts, yet we think it was sufficient. From the petition and the contract made a part of the petition it appears that defendants agreed to pay plaintiff about $600 for installing an oil burner and equipment to be connected with the heating plant then in defendants' apartment building; that after the installation there was insufficient heat which caused a number of defendants' tenants to vacate; that plaintiff was notified of this and agreed to remedy the defect by installing some other equipment; this it failed to do, and defendants again notified plaintiff that unless the matter was attended to they would be compelled to remove the oil burner and equipment and connect up their old coal burning apparatus so that the building might be properly heated; that plaintiff failing to do anything, defendants dismantled and removed the oil burner and equipment and went back to the use of their former coal heating equipment. On this record we must assume these facts to be true, and if the judgment were allowed to stand defendants would be required to pay for the oil burner and equipment, which were of no value. Especially is this true when the provision of the conditional sales contract is kept in mind, which provided: "The burner which is to be installed is guaranteed by the Seller for the period of one year . . . and that the burner is capable of supplying heat up to the normal heating capacity of the boiler or furnace in which it is installed." We think that by the provision, although somewhat ambiguous, plaintiff guaranteed that the oil burner and equipment would be capable of supplying heat up to the normal capacity of the burner or furnace then in the premises, and we think it obvious that as installed it did not furnish this quantity of heat.

Of course under the parol evidence rule no evidence would be admissible as to what was said or done in the negotiations leading up to the making of the contract,

nor would parol evidence be admissible to vary the terms of the written contract, but only to explain any ambiguity.

For the reasons stated the order of the municipal court of Chicago is reversed and the matter remanded with directions to open up the judgment, the judgment to stand as security, and to permit defendants to interpose their defense.

*Reversed and remanded with directions.*

McSURELY, P. J., and MATCHETT, J., concur.