Edward J. I. Davies, Appellee, v. Betty Elizabeth Davies, Appellant.

Gen. No. 46,465.

First District, Third Division.

April 20, 1955.

Released for publication May 12, 1955.

McKnight, McLaughlin & Dunn, of Chicago, for appellant; Harry L. Kinser, and Edward J. McLaughlin, both of Chicago, of counsel.

Cusack & Cusack, of Chicago, for appellee; Harry G. Fins, John F. Cusack, James J. Cusack, Jr., and Robert E. Cusack, all of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.

Defendant appeals from an order denying her petition to vacate a default divorce decree and from that portion of an order directing the filing of an amended divorce decree and from the amended decree.

May 1, 1953 plaintiff filed a complaint for divorce alleging that the parties were married on March 28, 1951 at Birmingham, England; that about April 1, 1952 the defendant deserted the plaintiff; that the parties lived separate and apart thereafter without fault on the part of the plaintiff, and that a child now in the custody of the defendant "was born as issue of said marriage." Defendant was served by publication. July 8, 1953, she was defaulted for failure to answer, and the cause was heard on the same day. July 9, 1953 a decree of divorce was entered finding, among other things, that the defendant had willfully deserted the plaintiff without reasonable cause, as charged in the complaint, and that the plaintiff is not the father of the baby girl born during the period of wedlock.

August 6, 1953 the defendant filed a petition to vacate the decree of divorce, alleging that the defendant is and always has been a resident of England; that she married the plaintiff in England on March 28, 1951 and lived with him as man and wife at Birmingham until November or December 1951 when the plaintiff went to London to visit his mother; that in January 1952, at the request of the plaintiff defendant went to London where she lived with the plaintiff until March 31, 1952;

9

that the plaintiff told the defendant that he intended to go to America temporarily and upon his arrival there would send for her; that defendant at all times was willing to accompany the plaintiff to America but that he refused to take her and that she at no time deserted the plaintiff.

The petition further alleges that about May 21, 1953 the defendant received a copy of the publication notice informing her that a divorce action had been instituted; that she engaged solicitors in Birmingham who corresponded with the clerk of the circuit court of Cook county and with plaintiff's attorneys; that as a result of the correspondence an order was entered extending the time for defendant to file an answer until July 6, 1953; and that on July 8, without the knowledge of the defendant, a default was entered and evidence heard, and on the following day the divorce decree here appealed from was entered. The petition concludes with a prayer asking that the decree of divorce be vacated; that the defendant be given leave to file an answer and the cause be heard on the merits; and that an order be entered allowing the defendant "suit money," solicitor's fees, and temporary alimony for herself and the support of the minor child. The plaintiff answered denying that he deserted the defendant and that defendant is entitled to any of the relief prayed in the petition.

In support of the petition an affidavit made by defendant's solicitor, R. Baker, at Birmingham, stated that he had consulted with defendant and informed her that her case was set for hearing on July 6 and advised her to obtain funds for the purpose of employing counsel in the City of Chicago; and that on July 4 defendant informed the affiant that she was unable to raise sufficient funds to retain local counsel.

Another affidavit, executed by defendant, states that she was employed, earning about four pounds a week; that she had no other means of support and was in no

10

"financial position" immediately to engage a lawyer to represent her in the divorce proceedings and that she communicated the facts of her case to the British Embassy, where the matter was referred to the British Consulate General at Chicago who retained her attorneys in the present case.

January 21, 1954 an order was entered directing plaintiff to file an amended decree for divorce providing, among other things, findings that there was a female child born of the marriage and that the care, custody, control and education of the child be vested in the defendant until further order of court; and that the question of the support and maintenance of said minor child be reserved by the court. On the same day, in conformity with that order, an amended divorce decree was entered.

The defendant's main contention is that her petition to vacate the default divorce decree should have been granted.

The petition to vacate the default divorce decree shows that the defendant has a meritorious defense.

■ In considering defendant's petition to vacate the decree the question of a meritorious defense is of greater importance than the question of defendant's diligence or lack of it. See Automatic Oil Heating Co. v. Lee, 296 Ill. App. 628; Elaborated Ready Roofing Co. v. Hunter, 262 Ill. App. 380.

■ The petition and the accompanying affidavits also show that the defendant was confronted with difficulties in presenting her defense because of her residence in a distant foreign country, and her lack of funds. Shortly after receiving notice of the impending divorce suit she consulted with solicitors in Birmingham, England, who were admittedly unfamiliar with the laws and practice relating to divorce in this State. Time was lost while defendant's solicitors were corresponding with the clerk of the circuit court and

11

plaintiff's counsel, seeking information. This correspondence clearly indicates that defendant intended to defend the action. In McMurray v. Peabody Coal Co., 281 Ill. 218, the court said, at page 226, "It has been the long and well established practice in this State for courts to be liberal in setting aside defaults at the term in which they were entered, where it appears that justice will be promoted thereby." To the same effect see City of Moline v. Chicago B. & Q. R. Co., 262 Ill. 52; Mason v. McNamara et al., 57 Ill. 274.

█ We think this record shows a reasonable excuse for defendant not having made her defense, and that the court erred in denying the relief prayed for in the petition.

█ Since we hold that the petition to vacate the default divorce decree should have been granted, we are impelled to reverse the default decree and that portion of the order directing the filing of an amended decree, and the amended divorce decree, and remand the cause for further proceedings. In the view which we take of this case it is unnecessary to consider the other points raised.

Reversed and remanded for further proceedings.

KILEY, P. J. and FEINBERG, J., concur.